The People of the State of Illinois, Plaintiff-Appellee, v. Paul Stevens, Defendant-Appellant.

Gen. No. 65–49.

Second District.

March 14, 1966.

Robert P. O'Meara, of Waukegan, for appellant.

Bruno W. Stanczak, State's Attorney, and Jack Hoogasian and Robert J. Smith, Assistant State's Attorneys, all of Waukegan, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

Defendant-appellant, who was jointly indicted with Bentley F. Pinley for the crime of burglary, entered a guilty plea; was denied probation and was sentenced to the penitentiary for a term of not less than two nor more than six years.

On appeal, he contends that the court erred in permitting him to proceed at arraignment without counsel, and in permitting him to enter a plea of guilty; that the record contains no facts from proceedings had in open court indicating that he understood that he had a right to counsel or understandingly waived that right at arraignment, and is devoid of any facts from proceedings had in open court upon which the court could have found that he understood the nature of the charge against him, and the consequences thereof; and that the sentence is unduly severe.

In order to determine the merits of defendant's contentions, we have carefully examined the record. Defendant and Pinley were present in open court on February 19, 1964, and each were furnished with a copy of the indictment charging them with the offense of burglary, committed in Waukegan, Lake County. A list of the wit-

nesses was on the back of each copy of the indictment, and each of them received a list of jurors and a copy of the signed statement which each had respectively given. Each told the court his age and acknowledged receipt of the foregoing items.

The Court then inquired, and was told by said parties that they did not have a lawyer. Pinley told the court he would not know whether he could hire a lawyer until after he was out on bond. The defendant stated he had no way of getting an attorney, and the court asked the State's Attorney to interrogate him in order to determine if he was indigent. The interrogation indicated indigency and the following colloquy then occurred:

"The Court: Q. Mr. Stevens, are you asking the Court to appoint the Public Defender to represent you in this action?

A. No, sir. I don't think that will be necessary.

Q. You want to proceed without counsel?

A. Yes, sir.

The Court: All right.

As far as Mr. Pinley is concerned, how much time would you need?

Mr. Pinley: As much as possible, sir.

The Court: Have we fixed bond in this matter?

Mr. Hoogasian: Yes.

The Court: What is the amount?

Mr. Hoogasian: Six thousand dollars.

The Court: Are you prepared to make bond?

Mr. Pinley: Well, I will be later on. I contacted some people in Chicago and they are contacting Mr. Fitzpatrick, the bondsman.

The Court: We will continue this further proceeding toward arraignment, and if the bond question can be worked out meanwhile, you can come before the Court. . . .

The Court: All right, Friday, 9:15 as far as Pinley is concerned.

Mr. Hoogasian: Is Mr. Pinley going to get an attorney?

The Court: He said if he gets out on bond, he will be able to get an attorney. At that time, we will take up that question.

Mr. Hoogasian: At this time, in reference to Stevens, People move for an arraignment.

The Court: Mr. Stevens, you are charged on the 15th day of February in the year of our Lord 1964, in Lake County, with the offense of burglary in that:

(Court reads substance of the indictment.)

Now, burglary is defined in the statute as: 'A person commits burglary when, without authority, he knowingly enters into, or without authority remains within a building, housetrailer, watercraft, aircraft, railroad car, or any part thereof, with intent to commit therein a felony or theft.'

Do you understand what the charge is?

Mr. Stevens: Yes, sir.

The Court: And the penalty set forth in the statute: 'A person convicted of burglary shall be imprisoned in the penitentiary for an indeterminate term with a minimum of not less than one year.'

You understand what the penalty is?

Mr. Stevens: Yes.

The Court: Do you know what an indeterminate term is?

Mr. Stevens: Yes.

The Court: What is it?

Mr. Stevens: It is an indefinite sentence.

269

| | |
|---|---|
| The Court: | The minimum is one year and the rest depends upon your behavior in the penitentiary. You understand that? |
| Mr. Stevens: | Yes. |
| The Court: | You also understand you have a right to be tried by a jury? |
| Mr. Stevens: | Yes, sir. |
| The Court: | Have you made up your mind as to what plea you will make to the charge of burglary? |
| Mr. Stevens: | I plead guilty, sir. |
| The Court: | Before the Court will accept your plea, in addition to the other rights, you have a right to have a counsel of your own choice, or the Public Defender if you are eligible for it, as you appear to be. Are you giving up those rights? |
| Mr. Stevens: | Yes, sir. |
| The Court: | Has anybody made any promise to you to induce you to enter this plea? |
| Mr. Stevens: | No, sir. |
| The Court: | And you know they would not be binding on the Court even if they were made? |
| Mr. Stevens: | That's true. |
| The Court: | Has anybody threatened you or given you any other reason of any kind to enter a plea of guilty? |
| Mr. Stevens: | No, sir. |
| The Court: | Do you still wish to enter the plea? |
| Mr. Stevens: | Yes, sir. |
| The Court: | All right; the Court having advised the Defendant of his rights and the Defendant having persisted in his plea of guilty, the Court will accept the plea of guilty and enter judgment on the plea of guilty." |

Section 113-3 of the Criminal Code (Ill Rev Stats 1963, c 38, par 113-3) provides that every person charged with an offense shall be allowed counsel before pleading to the charge; and that if the defendant has been unable to obtain counsel before arraignment, the court shall continue the cause for a reasonable time to permit the defendant to obtain counsel and consult with him before pleading to the charge.

The trial court carried out these provisions in letter and spirit. The cause was continued to allow Pinley to determine if he could obtain counsel, and the defendant, when asked if he was requesting the court to appoint counsel for him, replied that he would proceed without counsel.

The admonishments in question are also subject to the pertinent provisions of Supreme Court Rule 26 (Ill Rev Stats 1963, c 110, par 101.26(2) and (3)). These subsections prescribe that in all criminal cases in which an accused, upon conviction, may be punished by imprisonment in the penitentiary, the court, at the time of arraignment and before receiving any plea, shall advise the accused of his right to counsel, and if accused desires counsel and states under oath that he is unable to employ counsel, the court shall appoint counsel for him; and that the court shall not permit a plea of guilty or a waiver of counsel unless from proceedings had in open court, the court finds that the accused understands the nature of the charge against him and its consequences and that he has a right to counsel, which right he understandingly waives.

In our opinion, from the proceedings had in open court, the sum of the colloquy indicated that the defendant understood the nature of the charge against him, the consequences thereof if found guilty, and that he had a right to counsel—which he understandingly waived. After explaining to the defendant the nature of the charge against

271

him and its consequences, and before accepting his plea, the court further advised the defendant of his right to counsel, and the defendant persisted in giving up such right. Even then, before accepting the plea of guilty, the court asked the defendant a series of questions to ascertain whether such plea was being made because of any promises or threats. It was only after defendant assured the court that his plea was voluntary, that the court accepted the plea. We find no fault with the total procedure.

 The defendant now argues that the trial court erred in permitting him to proceed at arraignment without counsel. However, under Illinois law, a defendant may waive counsel. The condition on which a waiver may be accepted is that it shall represent an understanding and intelligent act by one having full knowledge of his right to counsel. The People v. Burson, 11 Ill2d 360, 372, 143 NE2d 239 (1957). We believe defendant's waiver of counsel met these conditions.

 Defendant also urges that the trial judge incorrectly stated the law when he said: "The minimum is one year and the rest depends on your behavior in the penitentiary." However, when we consider this statement in context with the total admonishment, including the statutory definition of burglary and its penalty, we find no merit in defendant's contention.

 The pertinent purpose of Supreme Court Rule 26, which requires that the court shall not accept a plea of guilty or a waiver of counsel without adequate admonishment, is to provide a procedure which will eliminate any doubt that the accused understands the nature of the charge against him and its consequences; and to preclude the accused from entering a plea of guilty or waiving the right to counsel without full knowledge and understanding.

 The object of the admonishment of the defendant is to inform him of the consequences of his plea of guilty

272

and to give him a right to withdraw such plea if, after hearing the consequences, he desires to do so and be tried by a jury. The People v. Kontopoulos, 26 Ill2d 388, 390, 186 NE2d 312 (1962). We believe the admonishment of the court was more than adequate to accomplish these objects and purposes; and that it complied with the pertinent provisions of section 113-3 of the Criminal Code and of Supreme Court Rule 26.

The defendant further argues that the sentence was unduly severe. Upon motion by defendant, the court vacated the original sentence of not less than three nor more than eight years in the penitentiary, and reduced the term to not less than two nor more than six years. Defendant claims this reduced sentence to be excessive.

The hearing on aggravation and mitigation indicated that defendant had been in various penal institutions since 1941—when he was 17 years of age. The charges varied—including burglary, petty larceny, drunkenness, forgery and shoplifting. Defendant was addicted to the use of alcohol; considered this a dominant cause for his problems, and was without any family to assist him. The evidence before the court would take defendant out of the classification of a first offender, and would cause him to be considered as a poor probationary risk.

■■ While under section 121-9(b)(4) of the Criminal Code (Ill Rev Stats c 38, § 121-9(b)(4)), this court may reduce the punishment imposed by the trial court, it should exercise such power with caution. In the case at bar, the trial judge saw the defendant and heard all evidence at the hearing on aggravation and mitigation. He was in a far better position to appraise the moral character, life, family, occupation, integrity, capacity and criminal record of the defendant and to evaluate the likelihood of his rehabilitation, than the reviewing court. If substantial reasons are offered, a sentence should be reduced in a proper case, but, if within statutory limits, it should not be changed because the reviewing court would have

imposed a different penalty or for mere judicial clemency. People v. Valentine, 60 Ill App2d 339, 355, 356, 208 NE2d 595 (1st Dist 1965).

■■ Section 121–9(b)(4) did not change the standard to be employed by the reviewing court in determining whether a sentence was manifestly excessive. (People v. Hobbs, 56 Ill App2d 93, 99, 205 NE2d 503 (1st Dist 1965)). That standard was defined by the Supreme Court in The People v. Smith, 14 Ill2d 95 (1958), at page 97, 150 NE2d 815, as follows:

> "Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense."

The sentence imposed in the case at bar was within the minimum and maximum limits prescribed by statute. On motion, it was reduced by the trial judge.

The court, in discussing the judicial discretion which is vested in the trial judge, stated in Smith, supra, at page 98, as follows:

> "In passing sentence upon a guilty criminal the trial judge is invested with judicial discretion within the limits of punishment fixed by law. If that discretion has not been abused and if the prisoner at the bar has not been materially prejudiced by the procedure which the court adopts in conducting the inquiry required by the Criminal Code this Court will not interfere with the judgment pronounced. People v. Riley, 376 Ill 364. People v. Schmidt, 10 Ill2d 221, 229."

■ It is true that Pinley was granted probation for the same offense, but Pinley was younger—a better probationary risk—and his probation was subject to stringent conditions. In addition, the trial court apparently was influenced by Pinley's family and job status. However, the variance in the sentences does not in itself indicate an abuse of discretion by the trial court. The People v. Marose, 10 Ill2d 340, 343, 139 NE2d 735 (1957); People v. Mitchell, 57 Ill App2d 238, 243, 205 NE2d 655 (2nd Dist 1965). In view of all circumstances in this case, we find no abuse of discretion by the trial court in imposing sentence on the defendant. Consequently, the judgment is affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.