**People of the State of Illinois, Plaintiff-Appellee, v. Roy Johnson, Defendant-Appellant.**

**Gen. No. 65–101.**

Second District.
March 21, 1966.

John E. Juergensmeyer, of Elgin, for appellant.

William R. Ketcham, State's Attorney, and Barry E. Puklin and Gene Armentrout, Assistant State's Attorneys, all of Elgin, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The question involved in this appeal is whether this court should reduce the punishment imposed by the trial Court upon the defendant, Roy Johnson, pursuant to the power granted to it under section 121–9(b)(4) of the Criminal Code. (Ill Rev Stats 1963, c 38, par 121–9 (b)(4).)

Centrick Marshall, Martha Burks and Roy Johnson, the defendant in this appeal, were indicted for robbery. A nolle prosequi was entered as to Martha Burks and she became a State's witness. The Public Defender was appointed as counsel for the defendant and Marshall, and each of them entered a plea of not guilty. Upon motion of the defendant and Marshall, separate trials were granted to them. Marshall was tried before a jury, and a guilty verdict was returned against him.

██ Thereafter, the defendant, upon advice of counsel, waived jury trial and changed his plea to guilty. Such plea waived any defect, not jurisdictional, and admitted all facts charged in the indictment. It obviated the necessity of any proof whatsoever, and on the question of guilt, no issue remained and there was nothing to try. The People v. Grabowski, 12 Ill2d 462, 466, 147 NE2d 49 (1957); The People v. Terry, 12 Ill2d 56, 60, 145 NE2d 36 (1957).

Both the defendant and Marshall made application for probation, which was denied, and both were sentenced to the penitentiary for a period of not less than three nor more than six years. The defendant appealed from this judgment, and in this Court urges the reduction of his sentence.

The Presentence Investigation Report, which was submitted by the Probation Officer, stated:

"Offense: On September 12th, 1964, at about 10:00 p. m., the defendant Roy Johnson and co-defendant Centrich Marshall, met Roger Thompson, the victim in this case, in the Crystal Lounge, North Broad-

way, Aurora, Illinois. Thompson stated that he had a sexual urge and defendant Johnson and Marshall told him that they could take care of him but that it would cost him $10.00. The price was agreed on and the trio went to the American Legion Hall, Kane Street, Aurora, Ill., in Thompson's car, a 1962 Corvair coach. Co-defendant Marshall got out of the car and came back with Martha Burks. The four drove out into the country and parked. Marshall told Martha Burks to make love to Thompson for the money and Johnson and Marshall got out of the car. A short time later Johnson and Marshall came back to the car and removed Thompson. Thompson was hit on the head and knocked to the ground and his billfold containing $65.00 plus his car keys were taken from him. Johnson, Marshall and Burks then left in Thompson's car. Defendant Johnson was arrested September 18th, 1964 and has spent 162 days in the Kane County jail at Geneva, Illinois.

. . . . . .

"Summary: It has been brought to our attention that this defendant, Roy Johnson, while incarcerated in the Kane County jail, has been a constant problem and that Chief Deputy Harry Booth will testify to same. Due to the nature of this crime, coupled with the defendant's behavior while confined in the county jail, this office considers him to be a poor risk therefore we can only recommend that probation in this case be denied."

At the hearing on Aggravation and Mitigation, the defendant testified that he was 17 years old on August 5, 1964, a graduate of the 7th grade, had no prior criminal record and was unemployed at the time. He further testified that he did not strike the complaining witness and that when he went with Marshall, he did not realize

what was going to take place. This latter testimony was discredited by his plea of guilty.

Counsel urged that defendant was retarded in his mental development, was weak in his ability to resist and was, in effect, a dupe and an innocent bystander with respect to the crime charged. The latter part of this argument is totally inconsistent with the defendant's plea of guilty.

Counsel further contends that defendant's sentence is harsh and excessive in that defendant was 17 years of age and was before the court on his first offense; and that the court abused its discretion in giving identical sentences to the defendant and Marshall.

Section 1–7(g) of the Criminal Code (Ill Rev Stats 1963, Ch 38, par 1–7(g)), provides:

> "For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

In construing predecessor statutory provisions relative to the hearing on aggravation and mitigation after a verdict or plea of guilty, it has frequently been held that in determining the degree of punishment to be inflicted, the court is not bound by the usual rules of evidence applicable to criminal prosecutions, but may search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate the offense; and that such hearing is not a trial in the ordinary sense. The People v. Mann, 27 Ill2d 135, 139, 188 NE2d 665 (1963); The People v. Bradford, 23 Ill2d 30, 34, 177 NE2d 139 (1961); The People v. Grabowski, supra 466.

■■■■■■■■■

A joint hearing on Aggravation and Mitigation was held for the defendant and Marshall. After hearing the evidence which was offered and after denying Marshall's application for probation, but prior to pronouncing sentence on the defendant and Marshall, the trial Judge stated:

"There isn't any question these fellows apparently felt they had this white fellow, the victim, in a position where he, being out with a colored girl and these fellows in a rather illicit enterprise, namely the performing of an act of intercourse with her as a prostitute, and he being a white fellow, he was in such an embarrassing position, even if they took the money, he wouldn't say anything about it because of the shame he might find himself in. But he didn't choose to do that. He came here and testified and told a straightforward story. Here is the fellow that was beatened (sic) up and he was beaten up severely.

"This fellow Johnson was part and parcel and picked him up in front of the colored Legion on Kane Street in Aurora, and with the girl and the defendant Marshall took him out where he was along in this concerted enterprise in which they were all actively engaged. It was a serious and wilful violation according to the proof here, and under the circumstances I don't feel that Johnson should be afforded probation. . . ."

■■ It appears that the trial judge, in the defendant's hearing on Aggravation and Mitigation, properly took judicial notice of the testimony which he heard at Marshall's trial. No objection was offered to the statements of the trial judge, and the Report of the Proceedings in the Marshall trial was not offered in evidence.

See: The People v. Hancasky, 410 Ill 148, 157, 101 NE 2d 575 (1951); In re O'Malley, 404 Ill 257, 258, 259, 88 NE2d 881 (1949); Dandridge v. Northern Trust Co., 218 Ill App 138, 140 (1st Dist 1920). The hearing was not a trial in the ordinary sense of the word, but rather, was an informal proceeding at which the court would consider pertinent matters affecting aggravation and mitigation of the offense charged.

In People v. Stevens, 68 Ill App2d 265, 215 NE2d 147, we considered the application of section 121-9(b)(4) of the Criminal Code, and the function of the trial and reviewing courts in the sentencing of criminals. At page 273, in referring to the trial judge, we stated:

> "He was in a far better position to appraise the moral character, life, family, occupation, integrity, capacity and criminal record of the defendant and to evaluate the likelihood of his rehabilitation, than the reviewing Court. If substantial reasons are offered, a sentence should be reduced in a proper case, but, if within statutory limits, it should not be changed because the reviewing court would have imposed a different penalty or for mere judicial clemency. People v. Valentine, 60 Ill App2d 339, 355, 356 (1st Dist 1965).

> "Section 121-9(4) did not change the standard to be employed by the reviewing Court in determining whether a sentence was manifestly excessive. (People v. Hobbs, 56 Ill App2d 93, 99 (1st Dist 1965).) That standard was defined by the Supreme Court in The People v. Smith, 14 Ill2d 95 (1958), at page 97, as follows:

>> " 'Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature,

281

this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense.' "

The sentence imposed in the case at bar was within the minimum and maximum limits prescribed by statute.

In the case at bar, defendant's argument is predicated on the assumption that he was only an innocent bystander in this offense—that he was a dupe and a tool who took no part in robbing and beating the prosecuting witness. However, under the facts of the case, as known to the trial judge from presiding at the Marshall trial, the defendant actively participated in this sordid offense; and the trial judge so found without objection from the defendant. Under such finding, the trial judge, at the aggravation and mitigation hearing, held that there was no difference in the extent of guilt as between the defendant and Marshall; and that the age and first offense factors were not sufficient to warrant a lesser penalty for the defendant. In addition, the trial judge had been apprised by the Presentence Investigation Report, that the defendant had been a constant problem while incarcerated in the Kane County jail.

We recognize that if substantial reasons are offered, a sentence should be reduced in a proper case. However, if the sentence is within the statutory limits, as in the case at bar, it should not be changed because a reviewing court would have imposed a different penalty, or for mere judicial clemency.

Under the circumstances of this case, we find no abuse of discretion by the trial judge in imposing sentence on the defendant. The People v. Smith, 14 Ill

2d 95, 98, 150 NE2d 815 (1958). Consequently, the judgment is affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.