**People of the State of Illinois, Appellee, v. Nadine Harpole, Defendant-Appellant.**

**Gen. No. 67–85.**

Fifth District.

July 31, 1968.

Robert H. Rice, of East St. Louis, for appellant.

John M. Karns, Jr., State's Attorney of St. Clair County, of Belleville, for appellee.

MORAN, J.

Defendant appeals from a sentence of not less than three (3) years nor more than ten years in the Illinois

State Reformatory for Women following her plea of guilty to a three-count charge of theft, a violation of chapter 38, section 16–1, Ill Rev Stats 1965. Defendant claims the trial court erred in denying her probation and relies upon Illinois Supreme Court Rule 615(b), which provides:

"On appeal the reviewing court may:

"(1) Reverse, affirm or modify the judgment or order from which the appeal is taken;
"(2) Set aside, affirm or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken;
"(3) Reduce the degree of the offense of which the appellant was convicted;
"(4) Reduce the punishment imposed by the trial court; or
"(5) Order a new trial if justice so requires."

The defendant, age 43 years, was indicted by the Grand Jury of St. Clair County, Illinois, on three counts charging theft of a (collective) sum of $4,986.04 from the Loren Mike Krause Construction Company, during a period between March 1 and July 15, 1965. On October 3, 1966, defendant, through retained counsel, entered a plea of guilty to the crime of theft and made application for probation. The State's Attorney remarked on this occasion; "Your Honor, we have a recommendation at this time. The defendant through her attorney has indicated that she has the capacity and desire to make restitution for the monies which were taken, which were in excess of $4,000. It appears that this is feasible if probation would be considered by the Court; they have represented to me that this will take place inside a twenty-four month period, if she is permitted to remain free."

The court then referred the case to the probation officer of the County for investigation, set a hearing on the matter for October 17, 1966, and commented to de-

fendant; "Be here at that time with your attorney and if you can make restitution we will certainly look upon your probation with favor. . . ."

On October 17, 1966, defendant moved to set aside her plea of guilty which was promptly objected to by the State and denied by the Court. The Chief Adult Probation Officer submitted a written probation report to the court following an investigation of the defendant and her background. The substance of this report revealed that defendant was born and presently resides in East St. Louis, Illinois. Her mother and father were divorced when defendant was 14 years of age. She has five children, two of whom were minors, ages 11 and 7, at the instigation of these proceedings and living with defendant. A third minor child, age 12, was living with Mr. Harpole from whom defendant obtained a divorce in 1965. Defendant does not know where Mr. Harpole is residing and claims she has not received any support money for the two minor sons living with her. The report further showed that defendant held various positions of employment prior to her four-year period of work for the Loren Mike Krause Construction Company, but at the time of the report was unemployed, drawing unemployment compensation.

The officer noted that during the interview, defendant seemed to be vague regarding the proceedings concerning her since her attorney apparently had not clarified the possibilities of the investigation to her. The report concluded that in view of all the confusion and the difficulty in ascertaining the financial transactions involved in the case, the court would be best able to evaluate the facts pertaining to possible restitution. The Probation Department indicated it could not make a recommendation in the matter due to the unanswered problems connected with the investigation.

Following several continuances, on February 20, 1967, defendant's application for probation was denied and she

31

was sentenced to the Illinois State Reformatory for Women for a term of not less than four (4) years nor more than ten (10) years. Defendant, through her attorney, filed a petition for rehearing upon the application for probation. This hearing was held on March 6, 1967, at which time defendant presented a written statement to the court relative to her application for probation. In this statement defendant indicated her confusion about the recent transpirings and suggested she was not well advised concerning the probation hearing by her attorney. Defendant related her business relationship with the construction company since 1961, showing that she had been a trusted and valuable employee. The corporate president taught defendant "everything he could about the construction business," and gradually increased her responsibilities to where she became a corporate officer by the end of her first year. The business, though corporate in form, was, according to defendant, operated relative to the personal needs and necessities of its president. Personal and corporate accounts were merged and salaries were paid pursuant to realized profits, the checks being charged to various business accounts. It was according to this method that defendant asserts certain checks came into her possession and others were appropriated by her after the decease of the company president.

Finally, defendant indicated that when the attorney for the State recommended probation indicating that she had agreed to make restitution "of what sounded to (her) like $4,000.00, (she) was dumbfounded at what (she) had pleaded guilty to." Defendant then attempted to withdraw her plea of guilty, and failing this, attempted to make restitution. She tried to reconcile the amounts charged as stolen in the indictment with "the real situation," but met with no cooperation on the part of the complainants. Defendant stated further that after her offer of restitution was refused, a civil suit for $10,000 was filed against her.

At the hearing on March 6, 1967, several letters from interested members of the community were received commending the moral character of the defendant and recommending probation. A plea was then made in open court for the defendant by a caseworker for the Department of Public Aid. The caseworker suggested that if defendant were imprisoned, it would be necessary to place her two minor boys in foster homes, whereas her work background has been excellent, her potential has been good and if given probation she could make a home for her family and meet the family's expenses.

Against this background, the court imposed a new sentence upon defendant of not less than three years nor more than ten years in the Illinois State Reformatory for Women.

■ In People v. Evrard, 65 Ill App2d 118, 212 NE2d 305, we held that an order granting probation was reviewable. It follows that an order denying probation and imposing punishment is also reviewable.

■ The purpose of modern-day penology is the rehabilitation of the offender. That sentence which has the greatest potential of restoring the offender to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safeguarding the public from further offenses is the one which should be imposed. See People v. Carroll, 76 Ill App2d 9, 221 NE2d 528; People v. Brown, 60 Ill App2d 447, 208 NE2d 629.

This is a first offense and one which, though involving moral turpitude, nevertheless is devoid of malice or what some would consider the "evil mind." Consistent with the testimony and reports in the record of this case, defendant was initially considered to be a prime candidate for probation. The State's Attorney recommended probation for defendant upon defendant's agreement to make restitution of the stolen monies within a two-year period. Numerous letters were sent to the court from the clergy,

friends and business associates of defendant, all of whom recommended probation after attesting to the good character of defendant. A spokesman for the Department of Public Aid represented that in the Department's opinion justice would be best served by allowing defendant to remain among society where she could earn a living and continue to support her minor children who would otherwise become wards of the County. The Probation Department of St. Clair County, owing to certain unanswered problems, did not make a recommendation, but significantly they did not recommend against probation. Finally, the court remarked that if defendant could effect restitution, her application for probation would certainly be looked upon with favor.

■ Apparently, the only fatal aspect in the court's disposition of defendant's application for probation was the failure of defendant to achieve restitution. We fail to see how restitution can be the controlling factor under a theory of penology which emphasizes the rehabilitation of the offender. At best, restitution evidences a contrite and remorseful offender. Where, however, restitution becomes the ultimate criterion for imposition or relaxation of punishment, as we believe occurred in the instant case, a theory of penology is propounded which predicates punishment upon the inability of the offender to make monetary payment for his misconduct.

■■ The mere fact that the trial court has a superior opportunity to make a sound determination concerning the punishment of a convicted defendant (see People v. Taylor, 33 Ill2d 417, 211 NE2d 673), does not imply that a particular sentence imposed is just and equitable. People v. Grigsby, 75 Ill App2d 184, 220 NE2d 498. Section 117-1, chapter 38, Ill Rev Stats 1965, provides that:

"(a) A person who has been found guilty of any offense except a capital offense, the sale of narcotics or rape, may be admitted to probation when it appears that

"(1) The defendant is not likely to commit another offense;

"(2) The public interest does not require that the defendant receive the penalty provided for the offense; and

"(3) The rehabilitation of the defendant does not require that he receive the penalty provided for the offense."

Under the circumstances of the present case, it is our opinion that defendant was entitled to probation. Defendant acknowledged that her actions were wrong and it is highly unlikely that she is of such a criminal mind or will be exposed to such similar circumstances whereby another offense would be committed. Inasmuch as the record is replete with statements showing defendant is quite capable of holding a responsible job and supporting her family and also that defendant could easily reassume a respectable position in society, we feel that the rehabilitation of the defendant could have been effected without serving the penalty provided for the offense.

We have examined the State's contention that this court lacks authority to grant probation pursuant to Supreme Court Rule 615(b), supra, and find it to be without merit. See People v. Evrard, supra. However, since defendant has already served more than the minimum term for theft, we do not now direct that she be granted probation.

There is no question but that under the powers granted to the reviewing court pursuant to Rule 615(b), we have authority to reduce the sentence in a proper case. People v. Sanders, 75 Ill App2d 422, 220 NE2d 487; People v. Novack, 83 Ill App2d 391, 221 NE2d 780. Sentence should be reduced, however, only upon a showing of substantial reasons for so doing and it should not be changed because a reviewing court would have imposed a different penalty or for mere judicial clemency. People

v. Stevens, 68 Ill App2d 265, 215 NE2d 147; People v. Johnson, 68 Ill App2d 275, 215 NE2d 144.

We feel substantial reasons have been demonstrated in the present case which warrant a reduction of sentence to a minimum of one year and a maximum of three years. This will make defendant eligible for parole and if she is released under the control of the parole authorities she will have an excellent opportunity to rehabilitate herself.

We therefore reduce the sentence in this case to a minimum of one year and a maximum of three years in the Illinois State Reformatory for Women.

Judgment modified, and affirmed as modified.

EBERSPACHER and GOLDENHERSH, JJ., concur.