THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH LAWRENCE BRICKER, Defendant-Appellant.

(No. 11234;

Fourth District—March 11, 1971.

Donald B. Mackay and Robert E. Williams, Assistant Public Defender, both of Bloomington, for appellant.

Paul Welch, State's Attorney, of Bloomington, (Harold M. Jennings, R. Stephen Carr, and John A. Beyer, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

On January 26, 1969, the defendant, Joseph Lawrence Bricker, pled guilty to a charge of forgery and asked for probation. Seventeen days later the court granted probation. On August 13, 1969, a petition to revoke probation was filed and at the hearing on that petition, the People requested and were granted leave to amend the petition by including therein records of certain offenses committed by the defendant. The defendant interposed no objection. These records indicate that the defendant was fined $50.00 on July 11, 1969, for the offense of battery and $50.00 for the offense of criminal damage to property. The records further show that the defendant was fined $100.00 on September 4, 1969, for purchasing liquor as a minor and also fined $50.00 on a battery charge. The defendant is twenty-two years of age, married and has a young son. The defendant has failed to make complete restitution as ordered. Following a hearing held September 15, 1969, on the petition to revoke probation, the trial court concluded that probation should be terminated. Thereafter the defendant was sentenced to the penitentiary for a term of not less than two nor more than six years.

■■■ The defendant delineates in his brief the issue to be reviewed by this court in this manner. "Whether a sentence of not less than two

years nor more than six years in the penitentiary is excessive, so that the sentence should be reduced, pursuant to ch. 110-A, S.C. Rule 615(b) (4), (Illinois Revised Statutes of 1967)." In support of this issue, the defendant cites under his points and authorities matters which relate to the admissibility of evidence at the probation hearing, and whether the failure to make restitution should constitute a bar to probation. In the trial court, the defendant made no objection to the introduction of the evidence as to his law violations committed while he was on probation. Evidence of law violation or of a failure to make restitution by a probationer offered at a hearing at which probation is sought to be revoked is entirely proper. The trial court undoubtedly considered these violations in determining to revoke probation. This court will not entertain these objections being initially made in the appeal which relates only to a charged imposition of an excessive sentence.

■■ The legislature of this state has provided that when sentences are imposed by courts they should be proportionate to the seriousness of the offense and should recognize the philosophy of rehabilitation possibilities among individual offenders and should not be arbitrary or oppressive. (Ill. Rev. Stat. 1967, ch. 38, par. 1—2(c) (d).) Courts in Illinois have repeatedly ruled that where the sentence is within limits set by statute, it will not be disturbed on review unless it constitutes a substantial departure from fundamental law and its spirit and purpose. *People v. Hale,* 118 Ill.App.2d 65, 254 N.E.2d 584.

■■ Defendant cites the case of *People v. Harpole,* 97 Ill.App.2d 28, 239 N.E.2d 471 in support of his request that the punishment imposed be reduced. The facts of the *Harpole* case are vastly different than those present here. In *Harpole,* the record discloses only one offense. In this case, although defendant had committed numerous offenses, he was placed on probation. Thereafter and while on probation he was convicted and fined on four separate charges. The thrust of the *Harpole* decision is that the failure to make restitution is not the sole criterion to determine whether rehabilitation is being achieved. In addition, the *Harpole* decision warns against a theory of penology which predicates punishment upon financial ability to pay for misconduct. In considering the possible reduction of a sentence, an appellate court must proceed with extreme caution, and with a primary recognition that the trial judge ordinarily has a superior opportunity in the course of the trial and at subsequent hearings to make a sound determination as to the punishment which should be imposed. (*People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) This is not to say that review courts should fail to give full consideration to applications for reduction of sentences, nor feel constrained to reduce penalties when justified. Owing to the trial court's

unique opportunity to gain an understanding of the nuances of the proceeding, that will not be reflected on appellate review, the sparing use of the review power to reduce criminal sentences is mandated.

██ The record in this case reflects sincere consideration by the trial court. The sentence was within the limits fixed by the applicable statute. Under the circumstances disclosed in this record, it cannot be demonstrated that in the imposition of this sentence there was a departure from fundamental law and its spirit and purpose.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.