THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE BYRD, Defendant-Appellant.

(No. 71-55;

Second District—March 20, 1972.

Charles S. Wilson, III., of Waukegan, (Charles W. Toomey, of counsel,) for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Alphonse Witt, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Clarence Byrd, the defendant, appeals from the judgment order denying probation and sentencing him to 3-7 years for the crime of theft over $150, after a jury trial. He claims only that the sentence is excessive and should be reduced.

Defendant claims that the extent of his involvement in the crime, together with his strong showing of rehabilitation subsequent to his arrest dictates the reappraisal of the sentence.

The defense at trial was that defendant had been drinking with companions who asked him to help them pick up a boat motor which they claimed they had purchased at a marina. After the motor was placed in the car trunk at 2:00 A.M. the police arrived. Defendant's companions pleaded guilty and defendant was tried and convicted. At the hearing in aggravation and mitigation, defendant admitted that he was aware that the motor was to be stolen but that his concept was "partial" because of his drinking.

■■ The evidence in aggravation and mitigation included the facts that defendant was 26 years old; had left school after completing one year of his high school education; had married after this arrest and was living with and supporting his wife and their child and his child by a former marriage; and that while on bail on this charge he had completed a course in a trade school as a skilled craftsman after first contacting an organization in Rockford which was designed for rehabilitating ex-convicts and disadvantaged persons. There was testimony of defendant's employers, his minister and members of his family which was favorable to his cleam of rehabilitation subsequent to his arrest. In addition, the probation officer concluded after extensive investigation that defendant would be a good risk for probation.

■■ The previous record of defendant included, in addition to a juvenile record (principally, a commitment to the Juvenile Home on a charge of burglary with larceny), a previous conviction for burglary in 1963 with a sentence of 1 to 5 years and parole after having served 2½ years; a conviction for criminal trespass to land (swimming in a posted quarry)

in 1968; a six month sentence also in 1968 for glue sniffing; and a conviction of battery arising out of a fist fight in 1969, resulting in a $50 fine.

Defendant urges that the court acted arbitrarily and illustrates this by the court's colloquy after defendant's counsel had objected to the sentence imposed,

"THE COURT: Mr. Wilson, I have no hesitation in advising you, if this was the first offense and you made a showing that you made here this morning, that the man would probably be granted probation. But this man is not here on a first offense. He is a repeated offender, an offense committed almost ten years ago. 1963. And there have been other things that happened since then. Admittedly nothing bad. But then this man hasn't shown good job prospects. He just hasn't made any."

Defendant suggests that the court's statement relative to his job prospects had no support in the record and is evidence of the court's arbitrary action, placing principal reliance on *People v. Harpole* (1968), 97 Ill.App.2d 28, 35.

We think that the court's remarks, taken in context, refer to the defendant's employment record prior to his arrest on the present offense. From our view of the record of the entire proceedings, it is apparent that the court was not convinced that the evidence of defendant's rehabilitation occurring after his arrest would overcome the evidence that defendant had not shown strong rehabilitation possibilities in a long period of time after his parole.

While we find no abuse of discretion in the denial of probation, we conclude that this is an appropriate case to exercise our power to reduce sentences. All of the testimony introduced at the hearing in aggravation and mitigation fairly indicates that defendant has reached a turning point in his life and is now equipped with a skill and job opportunities. It appears to us that the past record of the defendant is essentially one of depression over limited job opportunities and an unstable family life which reasonably appears to have been corrected. We think that justice would best be served by giving the parole authorities a wider scope in determining the extent of defendant's rehabilitation. We therefore reduce the sentence in this case to a minimum of one year and a maximum of five years and, as modified, the judgment is affirmed.

Judgment modified and affirmed.

GUILD and DOUGLAS, JJ., concur.