THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY LEE GILKER, Defendant-Appellant.

(No. 11469; 

Fourth District—August 2, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Robert J. Bier, State's Attorney, of Quincy, (Matthew J. Hutmacher, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant pleaded guilty to indictments charging criminal damage to property and to burglary. He was granted probation in December, 1969, for a period of three (3) years with the first 49 days to be served in the county jail under work release provisions. During proceedings for revocation of probation, he admitted a burglary committed in March, 1970. Sentence of two (2) to ten (10) years was imposed.

Counsel argues that the sentence is excessive in the light of defendant's age, which at the time of the offenses was 18 years.

While counsel's argument concerning the absence of defendant's prior felony record is, in a sense, literally true, this record shows that at the time the pleas were taken defendant had admitted to participation in an extensive campaign of burglaries over a short period of time. Indictments upon the latter charges were dismissed at the time these pleas were taken.

This record shows that the court directed careful thought to the unchallenged facts presented which showed that the defendant would not accept parental control. It makes clear the court's ultimate conclusion

that defendant should be the subject of a maximum parole supervision, and that the sentence was designed to that end. The court also pointed out that the defendant would have some opportunity to complete his schooling which defendant had chosen to drop.

We find that the court was well advised upon the sentence factors set out in Ill. Rev. Stat. 1969, ch. 38, par. 1—7(g), and that the court was seeking to fit the sentence to the needs of the defendant for rehabilitation. The trial court's conclusion that probation did not provide meaningful rehabilitation for the defendant is supported in the record. (See ABA Standards Relating to Sentencing Alternatives, Tentative Draft 1967, p. 73.) Such factors distinguish *People v. Turner*, 129 Ill.App.2d 24, 262 N.E.2d 379, which is cited by defendant.

It does not clearly appear that the sentence constitutes a departure from the fundamental spirit of the law. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) Rather, the sentence was designed to provide the greatest quantum of rehabilitation resources now available. (*People v. Carroll*, 76 Ill.App.2d 9, 221 N.E.2d 528.) A sentence of one to three years, as urged by counsel, clearly does not provide adequate parole supervision. Defendant has made no showing of substantial reasons for reducing this sentence. *People v. Johnson*, 68 Ill.App.2d 275, 215 N.E.2d 144.

The judgment is affirmed.

Judgment affirmed.

CRAVEN and SIMKINS, JJ., concur.