THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD LEE HAMILTON, Defendant-Appellant.

Third District  No. 77-503

Opinion filed June 21, 1978.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

In separate counts of an indictment defendant, Richard Hamilton, was charged with conspiracy to deliver and delivery of a controlled substance, (heroin). He pleaded guilty to the count charging delivery and the conspiracy count was dismissed. The plea did not include any bargain with respect to recommended sentence and after a sentencing hearing the circuit court of Rock Island County sentenced defendant to a term of incarceration of from 1 to 3 years.

On this appeal the only assignment of error advanced is defendant's claim his sentence is excessive. No claim is made that his guilty plea was not voluntarily entered or that there were any promises concerning sentencing not fully complied with.

According to the defendant's testimony he was 23 years old, was employed at John Deere Harvester working 48 hours a week and was a high school graduate with some college courses. Defendant was married and supporting his wife. Defendant's mother and mother-in-law also testified in his behalf, generally corroborating his testimony.

The State presented the details of the offense to which the defendant pleaded guilty. The evidence also showed defendant was on probation for the conviction of another drug charge at the time of this offense.

■■ In support of his claim his sentence is excessive the defendant contends the sentence of incarceration is contrary to the goals of rehabilitation as set forth in the Illinois Constitution. (Ill. Const. 1970, art. 1, §11 (effective July 1, 1971).) A reviewing court should reduce the trial court's sentence only upon a showing of substantial reasons for doing so, and it should not be changed because a reviewing court would have imposed a different penalty. (See *People v. Stevens*, 68 Ill. App. 2d 265, 215 N.E.2d 147.) The trial court has wide discretion in deciding the sentence to be imposed in a particular case and exercise of this discretion will not be presumed to be arbitrary or an abuse of discretion. Where it is claimed that the sentence imposed upon a defendant is excessive, though within the limits prescribed by the legislature in the Criminal Code, that sentence should not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions of section 11 of article II of the Illinois Constitution (1870). *People v. Sprinkle*, 56 Ill. 2d 257, 307 N.E.2d 161.

■■ We have reviewed the evidence but are unable to find the court abused its discretion in imposing a minimal term of imprisonment particularly where it is shown the offense occurred while the defendant was on probation for another drug related conviction. In *People v.*

*Moore*, 41 Ill. App. 3d 3, 353 N.E.2d 191, sentence of from 1 to 7 years and a fine were approved where the circumstances disclosed appeared similar to those in the instant case.

We have reviewed such cases as *People v. Harpole*, 97 Ill. App. 2d 28, 239 N.E.2d 471, and *People v. Cooke*, 117 Ill. App. 2d 296, 254 N.E.2d 293, relied on by the defendant, but we are unable to agree with the defendant that those cases demonstrate any abuse of discretion in this case. In *People v. Harpole*, 97 Ill. App. 2d 28, 239 N.E.2d 471, the defendant's conviction of theft (embezzlement) was her first offense and although her sentence was reduced from the original sentence of 3 to 10 years incarceration, the reduced sentence was a term of from 1 to 3 years in the penitentiary, the sentence imposed on the defendant in the instant case. In *People v. Cooke*, 117 Ill. App. 2d 296, 254 N.E.2d 293, defendant's initial conviction was reduced from murder to voluntary manslaughter and the case remanded to the trial court for resentencing. After the trial court reimposed the same sentence the court in *Cooke* reduced the sentence of from 14 to 20 years in the penitentiary to a term of from 3 to 9 years in the penitentiary discussing at some length defendant's conduct after his original incarceration but prior to resentencing. No such similar circumstances are present in the instant case.

For the foregoing reasons the judgment and sentence of the circuit court of Rock Island County are affirmed.

Judgment affirmed.

BARRY, P. J., and ALLOY, J., concur.