Docket Nos. 106362, 106621 cons.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WARREN AVERETT, Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DAVID TUCKER, Appellant.

*Opinion filed April 15, 2010.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Garman, and Karmeier concurred in the judgment and opinion.

Justice Burke dissented, with opinion, joined by Justice Freeman.

## OPINION

These consolidated appeals address whether a defendant may be entitled to relief on appeal after choosing not to testify at trial if the trial court had a "blanket policy" of deferring rulings on motions *in limine* to exclude prior convictions for impeachment until after the defendant testified. Defendant Warren Averett also contends that he should receive a new trial because the trial court failed to respond properly to a legal question from the jury during deliberations.

Consistent with our decision in *People v. Patrick*, 233 Ill. 2d 62 (2009), we conclude that the trial court's deferral of rulings based on a blanket policy is unreviewable on appeal because the defendants

chose not to testify at trial. We also hold that Averett is not entitled to relief on his challenge to the trial court's response to the jury's question. Accordingly, we affirm the appellate court's judgment in these consolidated appeals.

## I. BACKGROUND
### A. Warren Averett

Defendant Warren Averett was charged with possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(1) (West 2004)). Prior to trial, he moved *in limine* to bar the State from using his prior convictions as impeachment. Averett sought to exclude evidence of his conviction of possession of a controlled substance in 1999 and his convictions of delivery of a controlled substance in 1999 and 2000. The circuit court of Cook County reserved its ruling on the admissibility of the prior convictions for impeachment purposes, stating "the court's policy here is, I will not make a decision in regards to that until I hear the testimony of [defendant] and determine whether or not it becomes relevant to those three convictions."

Based on the trial court's decision to defer ruling on his motion *in limine*, Averett chose not to testify at trial. Defense counsel stated Averett did not want to risk being impeached with his prior convictions if the trial court ruled adversely on his motion *in limine*. After being admonished on his right to testify, Averett confirmed he did not want to testify.

Regarding Averett's claim based on the jury's question, the record shows that approximately 45 minutes after deliberations began, the jury sent a note asking, "Where is the $60 found on the defendant? Why was this not submitted as evidence?" The jury's note also stated, "Clarify the charges of intent to sell defined by the Court?" The trial court consulted with the prosecutor and defense counsel on drafting a response. With the parties' agreement, the trial court responded with a note stating, "You have heard all of the testimony and received all of the evidence and the instructions on the law. Please continue to deliberate." The jury found Averett guilty of possession of a controlled substance with intent to deliver and the trial court sentenced him to eight years' imprisonment.

On appeal, Averett argued that the trial court abused its discretion

in refusing to rule on his motion in *limine* until after he testified and that the trial court failed to answer properly the jury's question requesting clarification of the charges. The appellate court disapproved of the trial court's blanket policy of refusing to rule on motions *in limine* until after hearing the defendant's testimony. The appellate court, nevertheless, held that the issue was not reviewable because Averett failed to testify. The appellate court also held Averett waived his challenge to the trial court's response to the jury's question. Further, the plain-error rule did not apply because the trial court did not abuse its discretion in responding to the question. The appellate court, therefore, affirmed the trial court's judgment, but modified the fines, fees, and costs order to reflect monetary credit for the time Averett spent in custody prior to sentencing. 381 Ill. App. 3d 1001.

Justice Greiman dissented, concluding that the trial court's failure to rule on the motion *in limine* was reviewable. Justice Greiman would have held that the trial court erred in failing to rule in a timely manner on Averett's motion *in limine*. 381 Ill. App. 3d at 1022 (Greiman, J., dissenting).

### B. David Tucker

Defendant David Tucker was charged with burglary (720 ILCS 5/19–1(a) (West 2004)). Before trial, in the circuit court of Cook County, he filed a motion *in limine* to bar the use of his prior convictions of armed robbery and burglary as impeachment. The trial judge reserved ruling on the motion, finding it was premature and stating he would "deal with the issue when it becomes appropriate."

After the State presented part of its evidence, the trial court asked defense counsel how he intended to proceed after the State rested. Defense counsel stated he anticipated presenting one witness' testimony by stipulation and would have no other witnesses. The trial court then admonished Tucker on his right to testify. Tucker indicated he understood the admonishments and had decided not to testify. The jury found Tucker guilty of burglary and the trial court sentenced him to five years' imprisonment.

On appeal, Tucker argued that the trial court interfered with his constitutional right to testify and his right to the "guiding hand of

counsel" by reserving its ruling on his motion *in limine* until after he testified. The appellate court held that the trial court's refusal to rule on the motion *in limine* was not reviewable given Tucker's failure to testify. Accordingly, the appellate court affirmed the trial court's judgment. No. 1–06–2619 (unpublished order under Supreme Court Rule 23).

We allowed petitions for leave to appeal filed by both Averett and Tucker (210 Ill. 2d R. 315(a)), and consolidated the appeals for review. We subsequently issued a *per curiam* order, clarifying that these appeals were allowed "to consider whether relief might be available to a defendant, even if he chose not to testify, if the trial court had a 'blanket policy' not to rule on the motion *in limine* in advance of the defendant deciding not to testify." People v. Patrick, Nos. 104077, 104445 cons. (May 27, 2009) (*per curiam* order on denial of motion to reconsider denial of petition for rehearing).

## II. ANALYSIS
### I. "Blanket Policy" of Deferring Rulings

These appeals arise out of our decision in *Patrick*. In that case, we considered the consolidated appeals of Robert Patrick and Ezekiel Phillips. Prior to trial, Patrick filed a motion *in limine* seeking to exclude evidence of his prior convictions for use as impeachment. The trial court refused to rule on the motion before defendant testified. The trial judge stated his procedure was to defer ruling until after the defendant testified, explaining, "I do this [in] every single case. I do not give advisory opinions. *** I don't make an exception for anybody." Patrick testified at trial and was impeached with his three prior convictions of possession of a controlled substance. Patrick was convicted of second degree murder and the appellate court affirmed. *Patrick*, 233 Ill. 2d at 66-67.

At trial, Phillips asked the trial court for a ruling on the admissibility of his four prior convictions if he chose to testify. The trial court granted his motion in part, determining that one of the prior convictions would be excluded. The trial judge reserved ruling on the other three convictions, however, stating he could not determine whether they were more probative than prejudicial until after he heard Phillips testify. Based on that ruling, Phillips chose not to testify. The

-4-

jury found Phillips guilty of armed violence and aggravated battery. The appellate court affirmed his convictions, but vacated his sentences and remanded for a new sentencing hearing. *Patrick*, 233 Ill. 2d at 67-68.

On appeal to this court, Patrick and Phillips argued that the trial courts erred in deferring rulings on their motions *in limine* until after they testified. We noted that a trial court's ruling on a motion *in limine* will not be disturbed on appeal absent an abuse of discretion. Thus, we considered whether the trial courts abused their discretion by deferring their rulings until after hearing the defendants' testimony. *Patrick*, 233 Ill. 2d at 68-69.

We discussed the defendants' constitutional right to testify and the importance of the decision on whether to testify. Defendants clearly benefit if a ruling on the admissibility of prior convictions is made before deciding whether to testify. An early ruling provides a defendant with information necessary to make the critical decision on testifying and to ascertain the strength of their testimony. An early ruling also allows a defendant to make reasoned tactical decisions in planning the defense. *Patrick*, 233 Ill. 2d at 69-70.

After discussing several decisions from our appellate court and other jurisdictions, we agreed with the comments in those decisions recognizing a defendant's need for an early ruling on a motion to exclude prior convictions for impeachment purposes. We also acknowledged that, except in rare cases, the trial court will have the information necessary to make a decision before trial. We concluded that a trial court abuses its discretion if it fails to rule on a motion *in limine* to bar evidence of prior convictions for impeachment purposes when it has sufficient information to make the ruling. *Patrick*, 233 Ill. 2d at 70-73.

This court then examined whether the trial court abused its discretion in the consolidated cases. In Patrick's case, the trial court had a blanket policy of refusing to rule on motions *in limine* seeking to exclude prior convictions for impeachment until after the defendant testified. We held that the trial court's application of a blanket policy of deferring rulings until after the defendant testified was an abuse of discretion. *Patrick*, 233 Ill. 2d at 74-75.

The State argued that even if the deferral of a decision on the

motion *in limine* was an abuse of discretion, Patrick was not prejudiced by the error. We applied the harmless-error standard for constitutional errors. In reviewing for harmless error, we noted that Patrick relied on a theory of self-defense. Although his testimony was not absolutely necessary to establish his claim, it was still important for Patrick to know before testifying whether his prior convictions could be used for impeachment. Patrick may have decided not to testify if he had known he would be impeached with his prior convictions. Alternatively, he could have informed the jury of the prior convictions to lessen their impact. We noted that the impact of the impeachment with Patrick's prior convictions was established by the State's repeated argument that the jury should not believe a three-time convicted felon. Further, the guilty verdict of second degree murder, rather than first degree murder, indicated that the jury believed Patrick was justified to some degree in his use of force. Accordingly, we concluded that Patrick was entitled to a new trial because the error was not harmless beyond a reasonable doubt. *Patrick*, 233 Ill. 2d at 75-76.

In Phillips' case, the trial court granted the motion *in limine* in part, finding that one of the defendant's four prior convictions would be excluded. The trial judge reserved ruling on Phillips' other three convictions, however, stating he could not determine whether they were more probative than prejudicial until after hearing Phillips' testimony. Based on that ruling, Phillips decided not to testify. *Patrick*, 233 Ill. 2d at 77.

Based primarily on *Luce v. United States*, 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984), and *People v. Whitehead*, 116 Ill. 2d 425 (1987), we held that by choosing not to testify, Phillips failed to preserve review of his challenge to the trial court's refusal to rule on his motion *in limine*. Phillips' decision not to testify deprived the reviewing court of a reviewable record. In accordance with our decision in *Whitehead*, we concluded Phillips was required to testify and obtain a definitive ruling on his motion *in limine* to allow proper review on appeal. Accordingly, we held that the trial court's deferral of a ruling on Phillips' motion was not reviewable because Phillips chose not to testify. *Patrick*, 233 Ill. 2d at 77-79.

The appeals in *Averett* and *Tucker* involve a trial court's blanket policy of deferring rulings on motions *in limine*. Our *per curiam* order

in *Patrick* explained that it was "readily discernible" in *Averett* and *Tucker* that the trial courts had a blanket policy against ruling on motions *in limine* to exclude prior convictions for use as impeachment before the defendant testified. Therefore, in accordance with our decision in *Patrick*, we conclude that the trial judges abused their discretion in these cases by using a blanket policy to defer rulings on the motions *in limine*. See *Patrick*, 233 Ill. 2d at 74-75 (application of a blanket policy of deferring rulings until after a defendant testifies is an abuse of discretion).

The critical question presented here is whether relief may be available on appeal despite the defendants' choice against testifying because the trial courts had a 'blanket policy' of not ruling on motions *in limine* before the defendants testified. Averett and Tucker raise several arguments in support of their contention that the trial court's deferral of rulings based on a blanket policy is reviewable on appeal even though they did not testify at trial.

## A. Structural Error

First, Averett and Tucker argue that the blanket policy resulted in structural error affecting the integrity of the entire proceeding and requiring reversal without any showing of prejudice. They contend that the trial courts' blanket policy of refusing to rule on motions *in limine* until after hearing the defendant's testimony is not subject to harmless-error review because the consequences of the policy are unquantifiable. The defendants, therefore, maintain their decision not to testify is irrelevant to the analysis.

An error is typically designated as "structural" and requiring automatic reversal only if it necessarily renders a criminal trial fundamentally unfair or unreliable in determining guilt or innocence. *People v. Glasper*, 234 Ill. 2d 173, 196 (2009), quoting *Rivera v. Illinois*, 556 U.S. ___, ___, 173 L. Ed. 2d 320, 330-31, 129 S. Ct. 1446, 1455 (2009). The Supreme Court has held an error is structural only in a " 'very limited class of cases.' " *Neder v. United States*, 527 U.S. 1, 8, 144 L. Ed. 2d 35, 46, 119 S. Ct. 1827, 1833 (1999), quoting *Johnson v. United States*, 520 U.S. 461, 468, 137 L. Ed. 2d 718, 728, 117 S. Ct. 1544, 1549 (1997). Structural errors include a complete denial of counsel, denial of self-representation at trial, trial

before a biased judge, denial of a public trial, racial discrimination in the selection of a grand jury, and a defective reasonable doubt instruction. *Washington v. Recuenco*, 548 U.S. 212, 218 n.2, 165 L. Ed. 2d 466, 474 n.2, 126 S. Ct. 2546, 2551 n.2 (2006). " '[I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other [constitutional] errors that may have occurred are subject to harmless-error analysis.' " *Neder*, 527 U.S. at 8, 144 L. Ed. 2d at 46, 119 S. Ct. at 1833, quoting *Rose v. Clark*, 478 U.S. 570, 579, 92 L. Ed. 2d 460, 471, 106 S. Ct. 3101, 3106 (1986).

We may determine an error is structural as a matter of state law regardless of whether it is deemed structural under federal law. *Glasper*, 234 Ill. 2d at 199-200, citing *Rivera*, 556 U.S. at ___, 173 L. Ed. 2d at 331, 129 S. Ct. at 1456. We conclude, however, that the error from a trial court's blanket policy of refusing to rule in a timely manner on motions *in limine* to bar prior convictions does not rise to that level. While the error is serious, it is not comparable to the errors recognized by the Supreme Court as structural. There is no allegation of a complete denial of counsel or trial by a biased adjudicator. Thus, based on *Neder* there is a strong presumption that the error is subject to harmless-error review. Moreover, the error does not necessarily render a trial fundamentally unfair or unreliable. It does not affect the framework of the trial process. Rather, it is simply an error within the trial proceedings. See *Neder*, 527 U.S. at 8, 144 L. Ed. 2d at 46, 119 S. Ct. at 1833.

We also note that the defendants' argument is not supported by our decision in *Patrick*. In *Patrick*, we determined that the trial court abused its discretion by using a blanket policy to defer rulings on motions *in limine*. The error was reviewable because Patrick testified at trial. After reviewing the impact of the error in light of the facts of the case, we determined that the error was not harmless. *Patrick*, 233 Ill. 2d at 75-76. This court's application of harmless-error review in *Patrick* demonstrates that we did not treat the error as structural. Structural errors are not subject to harmless-error review. *People v. Rivera*, 227 Ill. 2d 1, 19-20 (2007). The impact of the trial courts' blanket policy of deferring rulings can be quantified as shown by our harmless-error analysis in *Patrick*. Accordingly, we conclude the error here is not structural requiring automatic reversal of defendants'

convictions.

## B. Constitutional Error

Averett and Tucker acknowledge our holding in *Patrick* that a claim of error is unreviewable if the defendant chooses not to testify at trial, but they contend that decision is inapplicable to cases involving constitutional error. According to the defendants, the trial courts' application of a blanket policy of refusing to rule on motions *in limine* until after hearing the defendant's testimony violated their constitutional right to testify.

In *Patrick*, this court discussed the benefit to defendants of early rulings on the admissibility of their prior convictions for impeachment. In discussing the benefit to defendants, we noted several constitutional provisions, including the fifth, sixth, and fourteenth amendments to the Untied States Constitution. *Patrick*, 233 Ill. 2d at 69. We also noted the important tactical decisions affected by a trial court's failure to timely rule on a motion *in limine*. *Patrick*, 233 Ill. 2d at 69-70. We did not, however, find the use of a blanket policy of deferring rulings results in a violation of a defendant's constitutional rights.

Contrary to the defendants' arguments in this case, the trial courts' blanket policy of deferring rulings did not violate their constitutional right to testify at trial. In *Ohler v. United States*, 529 U.S. 753, 146 L. Ed. 2d 826, 120 S. Ct. 1851 (2000), the Supreme Court considered whether a defendant could obtain appellate review of the district court's *in limine* ruling allowing the prosecution to admit evidence of her prior conviction as impeachment. The defendant testified at trial and acknowledged her prior felony conviction on direct examination. On appeal, the defendant challenged the district court's ruling on the prosecution's motion *in limine*. The defendant argued, in pertinent part, that her right to testify would be unconstitutionally burdened if she could not appeal the district court's *in limine* ruling. *Ohler*, 529 U.S. at 759, 146 L. Ed. 2d at 832, 120 S. Ct. at 1855.

The Supreme Court held that denying appellate review did not prevent the defendant from taking the stand and presenting any admissible testimony. *Ohler*, 529 U.S. at 759, 146 L. Ed. 2d at 832, 120 S. Ct. at 1855. Although the use of a prior conviction as impeachment may deter a defendant from testifying, the defendant was

required to weigh that factor in deciding whether to testify. *Ohler*, 529 U.S. at 759, 146 L. Ed. 2d at 832, 120 S. Ct. at 1855.

Similarly, this court has recognized that "[d]efendants are often faced with difficult decisions when weighing the pros and cons of testifying at trial. The necessity of making those decisions does not inevitably deprive defendants of any constitutional right." *People v. Rosenberg*, 213 Ill. 2d 69, 81 (2004). In *Rosenberg*, we further stated that a defendant's decision not to testify due to possible impeachment with prior convictions does not result in a constitutional violation. *Rosenberg*, 213 Ill. 2d at 81.

Here, Averett and Tucker were not prevented from taking the stand and testifying by the trial courts' deferrals of their rulings on their motions *in limine*. They were required to weigh the possibility of being impeached with their prior convictions along with other factors in determining whether to testify. The defendants' constitutional right to testify was not violated by any deterrent effect on their testimony due to the risk of being impeached with their prior convictions.

Averett and Tucker also argue that the trial courts' blanket policy of deferring rulings on motions *in limine* deprived them of their due process right to the "guiding hand of counsel." In support of their claim, defendants cite *Brooks v. Tennessee*, 406 U.S. 605, 32 L. Ed. 2d 358, 92 S. Ct. 1891 (1972). In *Brooks*, the Supreme Court considered the constitutionality of a statute requiring a criminal defendant who chose to testify to present his testimony first. The Supreme Court held that the statute "exacts a price for [the defendant's] silence by keeping him off the stand entirely unless he chooses to testify first." *Brooks*, 406 U.S. at 610, 32 L. Ed. 2d at 363, 92 S. Ct. at 1894. The statute violated the defendant's constitutional right to remain silent because it reduced that privilege by making its assertion costly. *Brooks*, 406 U.S. at 610-12, 32 L. Ed. 2d at 362-63, 92 S. Ct. at 1894-95.

The Supreme Court further held that the statute violated the defendant's due process right to " 'the guiding hand of counsel at every step in the proceedings against him.' "*Brooks*, 406 U.S. at 612, 32 L. Ed. 2d at 364, 92 S. Ct. at 1895, quoting *Powell v. Alabama*, 287 U.S. 45, 69, 77 L. Ed. 158, 170, 53 S. Ct. 55, 69 (1932). The Court explained that the defendant and his attorney may not be

restricted in determining whether, and when in the course of the defense, the defendant should testify. *Brooks*, 406 U.S. at 613, 32 L. Ed. 2d at 364, 92 S. Ct. at 1895.

As we have determined, possible impeachment with prior convictions does not restrict defendants in deciding whether to testify. Despite possible impeachment with their prior convictions, the defendants were not prevented or limited in presenting their testimony. We conclude the Supreme Court's decision in *Brooks* is distinguishable because the defendants here were not restricted in any way in determining whether and when they would testify.

In sum, we conclude that the trial court's application of a blanket policy of deferring rulings on motions *in limine* did not violate the defendants' constitutional rights to testify or to the "guiding hand of counsel." The defendants' claims do not involve constitutional error subject to review on appeal despite their choice against testifying at trial.

## C. Plain Error

Averett and Tucker next contend that the error from the trial courts' blanket policy is reviewable under the plain-error doctrine. Defendants assert that under the second prong of the plain-error rule, relief may be granted on a procedurally defaulted claim if a clear error affected the fairness of the trial and challenged the integrity of the judicial process. The defendants argue that the trial courts' applications of a blanket policy of withholding rulings on motions *in limine* deprived them of a fair trial and compromised the integrity of the judicial process. The defendants maintain that their testimony is unnecessary to the analysis under the second prong of plain-error review because it does not require any balancing of the evidence.

Generally, an error is not preserved for review unless the defendant objects at trial and includes the error in a written posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). The plain-error rule bypasses normal forfeiture principles and permits reviewing courts to consider unpreserved error in specific circumstances. *People v. Lovejoy*, 235 Ill. 2d 97, 148 (2009). The plain-error doctrine applies when:

> "(1) a clear or obvious error occurs and the evidence is so

closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurs and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

While the plain-error rule may be applied to bypass normal forfeiture principles, it cannot be applied here because the defendants' decisions not to testify go beyond normal forfeiture. In *Patrick*, we explained that the effect of the defendant's choice against testifying was to render the issue unreviewable. *Patrick*, 233 Ill. 2d at 79. Without the defendant's actual testimony, reviewing courts would be forced to speculate on the substance of that testimony and the prosecution's questions on cross-examination. *Patrick*, 233 Ill. 2d at 78-79, quoting *People v. Whitehead*, 116 Ill. 2d 425, 443-44 (1987). In *Whitehead*, this court explained that the defendant must either call a witness and open the possibility of an erroneous decision subject to appellate review, or forgo calling the witness and adopt an alternative strategy favoring the defendant's chances at trial. *Patrick*, 233 Ill. 2d at 78-79, quoting *Whitehead*, 116 Ill. 2d at 443-44. The defendant could not, however, "have it both ways" by altering his trial strategy to make the best of the trial court's decision and still maintain on appeal that the trial court's decision was erroneous. *Patrick*, 233 Ill. 2d at 79, quoting *Whitehead*, 116 Ill. 2d at 443-44. Defendants must testify and obtain a definitive ruling on their motions for the issue to be reviewable on appeal. *Patrick*, 233 Ill. 2d at 79.

Our decision in *Patrick* makes clear that a defendant's choice not to testify in these circumstances goes beyond normal forfeiture. The rationale of *Patrick* does not allow the defendants to "have it both ways" by altering their trial strategies to make the best of the trial courts' deferrals of their rulings and later maintain on appeal that they are entitled to new trials because the deferrals of the rulings were erroneous. In these circumstances, the alleged error is unreviewable. *Patrick*, 233 Ill. 2d at 78-79. Accordingly, the plain-error rule for bypassing normal forfeiture principles is inapplicable here.

In a related argument based on this court's decision in *People v. Walker*, 232 Ill. 2d 113 (2009), Averett further contends that the trial

court's arbitrary failure to timely rule on his motion *in limine* undermined the fairness of his trial and the integrity of the proceedings. Accordingly, Averett also contends we must reverse his conviction based upon an application of *Walker*.

Averett's argument fails for the same reasons discussed in response to the plain-error claim. In *Walker*, the defendant forfeited his claim that the trial court abused its discretion in denying his attorney's request for a continuance because that claim was not raised in a posttrial motion. *Walker*, 232 Ill. 2d at 124. We considered the defendant's claim of error under the plain-error doctrine. *Walker*, 232 Ill. 2d at 124. After concluding that the trial court committed clear error by failing to exercise its discretion in ruling on the request for a continuance, we held that the defendant was entitled to relief under the second prong of plain-error review. *Walker*, 232 Ill. 2d at 125-130. Under the specific facts presented, we found the defendant's rights were prejudiced because his attorney was completely unprepared to proceed to trial. In so finding, we examined the record and identified the clear prejudice to the defendant from his attorney's lack of preparation. *Walker*, 232 Ill. 2d at 130-31. We further held that the "error was so serious that it demonstrably affected the fairness of defendant's trial and challenged the integrity of the judicial process." *Walker*, 232 Ill. 2d at 131. The defendant, therefore, established plain error and was entitled to a new trial. *Walker*, 232 Ill. 2d at 131.

In *Walker*, the defendant forfeited his claim of error and this court applied the plain-error doctrine to bypass normal forfeiture principles. Unlike *Walker*, Averett did not simply forfeit his claim. Rather, Averett's claim is unreviewable on appeal because he chose not to testify. The plain-error doctrine for bypassing forfeiture is inapplicable to the circumstances presented by this appeal. Additionally, even if the plain-error rule could be applied here, the facts presented in *Walker* are clearly distinguishable from this case. In *Walker*, the record showed trial counsel's lack of preparation demonstrably affected the entire trial process. See *Walker*, 232 Ill. 2d at 130-31. Our decision in *Walker*, therefore, does not support Averett's claim for relief.

### D. Testimony at the Pretrial Hearing

In another separate argument, Averett contends that he did not forfeit his challenge to the trial court's deferral of its ruling by deciding not to testify at trial because he testified to the critical facts at a pretrial hearing on his motion to suppress evidence. He was subjected to cross-examination at the pretrial hearing. Thus, Averett argues the prejudice from the trial court's error is not speculative. Rather, the record is sufficient to assess the harm from the trial court's deferral of its ruling on his motion *in limine*.

Despite Averett's testimony at the pretrial hearing, the record is still insufficient to review the trial court's error in deferring its ruling. Because Averett chose not to testify at trial, we do not know whether the trial court would have actually allowed impeachment with his prior convictions, whether the prosecutor would have decided to use those convictions as impeachment, or whether the State would have focused its arguments on the prior convictions. All of those factors are important in assessing whether the error was harmless. See *Patrick*, 233 Ill. 2d at 75-76 (considering the impact of impeachment with prior convictions and the prosecutor's arguments based on those convictions in assessing whether error was harmless). We cannot speculate on the substance of the direct examination or the cross-examination at trial. *Patrick*, 233 Ill. 2d at 78-79, quoting *Whitehead*, 116 Ill. 2d at 443-44.

Further, our reasoning for finding the deferral of a ruling unreviewable when a defendant decides not to testify is not limited to the failure to present a sufficient record for harmless error review. Our reasoning includes preventing a defendant from "hav[ing] it both ways" by altering trial strategy to make the best of the order and then, if the trial strategy proves unsuccessful, claiming on appeal that the order was erroneously entered. *Patrick*, 233 Ill. 2d at 79, quoting *Whitehead*, 116 Ill. 2d at 443-44. As we held in *Patrick*, a defendant must testify and obtain a definitive ruling on the motion *in limine* for the issue to be reviewable on appeal. *Patrick*, 233 Ill. 2d at 79.

### E. Article I, Section 12, of the Illinois Constitution

Tucker also raises a separate contention that the failure to review his claim of error because he chose not to testify at trial violates article

I, section 12, of the Illinois Constitution. Tucker asserts he is entitled to a remedy for the trial court's error under that constitutional provision.

The Illinois Constitution provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, §12. This court has held article I, section 12, only expresses a philosophy, however, and does not require a certain remedy in any specific form. *Schoeberlein v. Purdue University*, 129 Ill. 2d 372, 379 (1989). Limiting or restricting available remedies does not violate this aspirational goal. *Schoberlein*, 129 Ill. 2d at 379. Based on this court's interpretation of article I, section 12, as aspirational, we conclude that provision does not require a specific remedy for the trial court's error in deferring its ruling on Tucker's motion *in limine*. Tucker's argument that he is entitled to a certain remedy under article I, section 12, of the Illinois Constitution therefore fails.


F. Summary

The defendants have not provided any valid basis for finding the trial court's blanket deferral of its rulings reviewable on appeal despite their decision not to testify. We conclude that our decision in the Phillips portion of *Patrick* controls here. In *Tucker* and *Averett*, the trial courts employed a blanket policy of deferring rulings on motions *in limine* until after the defendant testified. The use of the blanket policy was an abuse of discretion. See *Patrick*, 233 Ill. 2d at 74-75. In Phillips' case, the trial judge did not use a blanket policy, but he nonetheless abused his discretion in failing to timely rule on the admissibility of three of the defendant's prior convictions for impeachment purposes. *Patrick*, 233 Ill. 2d at 77. In both situations, the failure to timely rule was an abuse of discretion. Additionally, in both situations the defendants decided not to testify at trial based on the trial court's deferral of its ruling on their motions. See *Patrick*, 233 Ill. 2d at 77 (Phillips chose not to testify based on the trial judge's ruling).

In our view, Tucker and Averett were in the same position faced by Phillips prior to trial. Each was required to wait for a ruling on the

admissibility of prior convictions for impeachment purposes until after testifying. Thus, each of them faced the same strategic and tactical decisions and the same uncertainty over whether they would be impeached with their prior convictions if they chose to testify. Therefore, in accordance with our decision in Phillips' case, we conclude that the trial courts' decisions to defer ruling on the defendants' motions under a blanket policy is unreviewable on appeal because the defendants chose not to testify at trial.

## II. Jury Question During Deliberations

Averett argues that the jury's note to the trial court during deliberations unmistakably asked a legal question on an element of the offense. The jury's question showed confusion on the meaning of intent to deliver. Averett contends he is entitled to a new trial because the trial court's response to the question failed to address the jury's confusion on that legal issue. Averett acknowledges that he waived this issue by acquiescing in the trial court's response to the jury's question. He contends that reversal is required, however, under the plain-error rule or because his attorney was ineffective in agreeing to the trial court's answer.

The State agrees that Averett waived this issue because he invited any error by acquiescing in the trial court's answer to the jury's question. The State further contends Averett's plain-error and ineffective-assistance claims fail because the trial court's response was proper and defense counsel cannot be ineffective for agreeing to a proper response by the trial court.

When a defendant acquiesces in the trial court's answer to a question from the jury, the defendant cannot later complain that the trial court's answer was an abuse of discretion. *People v. Emerson*, 189 Ill. 2d 436, 491-92 (2000). Here, defense counsel and the prosecutor assisted the trial court in drafting its response to the jury's question. Defense counsel agreed to the trial court's answer. Thus, Averett waived this issue by acquiescing in the trial court's response.

To establish an ineffective-assistance claim, Averett must show his attorney's performance was deficient and prejudice resulted from the deficiency. See *People v. Bailey*, 232 Ill. 2d 285, 288-89 (2009). An attorney's performance is deficient only if it is objectively

unreasonable based on prevailing professional norms. *Bailey*, 232 Ill. 2d at 289. Averett contends his attorney was deficient in failing to object to the trial court's response to the jury's question. Thus, Averett's claim hinges on showing the trial court's response was improper.

Generally, a trial court must provide instruction when the jury has posed an explicit question or asked for clarification on a point of law arising from facts showing doubt or confusion. *People v. Millsap*, 189 Ill. 2d 155, 160 (2000), citing *People v. Childs*, 159 Ill. 2d 217, 228-29 (1994). A trial court may, nevertheless, exercise its discretion to decline answering a question from the jury under appropriate circumstances. *Millsap*, 189 Ill. 2d at 161, citing *People v. Reid*, 136 Ill. 2d 27, 39 (1990). Appropriate circumstances include when the jury instructions are readily understandable and sufficiently explain the relevant law, when additional instructions would serve no useful purpose or may potentially mislead the jury, when the jury's request involves a question of fact, or when giving an answer would cause the trial court to express an opinion likely directing a verdict one way or the other. *Millsap*, 189 Ill. 2d at 161, citing *Reid*, 136 Ill. 2d at 39-40.

In this case, the jury's note stated, "Clarify the charges of intent to sell defined by the Court?" The note indicates that the jury explicitly sought clarification of the charges. The jury did not ask for a definition of "intent." We find that the jury's question was clearly in reference to clarifying the charges in this case.

As noted, a trial court may exercise its discretion to decline answering a question if the jury instructions are readily understandable and explain the relevant law. *Millsap*, 189 Ill. 2d at 161, citing *Reid*, 136 Ill. 2d at 39-40. The jury had already received explicit instructions on the definition and elements of the charged offense. The trial court apparently determined that the written instructions answered the jury's question on clarifying the charges. The trial court, therefore, directed the jury to review the jury instructions. We agree that the jury instructions were readily understandable and explained the charged offense. The trial court's reference to those instructions should have been sufficient to clarify the issue for the jury. Accordingly, we conclude that the trial court did not err in answering the jury's question.

Averett cannot show defense counsel was objectively

-17-

unreasonable by failing to object to the trial court's proper response to the jury's question. See *Bailey*, 232 Ill. 2d at 288-89 (2009) (ineffective-assistance claim requires a showing that counsel's performance was objectively unreasonable). Accordingly, Averett has not established his ineffective-assistance claim in this case.

## III. CONCLUSION

We conclude that the trial courts' decisions to defer their rulings on the defendants' motions *in limine* under a blanket policy is unreviewable on appeal because the defendants chose not to testify at trial. We also hold that Averett is not entitled to relief on his claim that the trial court erred in responding to the jury's question during deliberations. Accordingly, we affirm the appellate court's judgments in both *Averett* and *Tucker*.

*Appellate court judgments affirmed.*

JUSTICE BURKE, dissenting:

In *People v. Patrick*, 233 Ill. 2d 62 (2009), this court considered two cases that were consolidated for our review because they presented a common issue: whether a trial court abuses its discretion when it refuses to rule on a defendant's motion *in limine* to determine what prior convictions may be admitted for impeachment purposes until after the defendant takes the stand and testifies. This court unanimously held that a trial court abuses its discretion and, thereby, substantially prejudices a defendant when, without good reason, it refuses to rule prior to trial on a defendant's motion *in limine* to determine what prior convictions are admissible for impeachment purposes. After reaching this holding, a majority of this court then went on to treat the two consolidated cases disparately, granting relief in one, but not the other. The majority granted relief to defendant Patrick, who had testified at trial, but denied relief to defendant Phillips, finding that he failed to preserve the error for review by choosing not to testify at his trial.

I dissented in *Patrick* to point out inconsistencies in the majority's

reasoning. If, as the majority held with regard to defendant Patrick, a trial court's refusal to rule on the motion *in limine* prejudices the defendant because it deprives him of the information necessary to make a knowing and intelligent decision about *whether* to testify and if, for this reason, the trial court's error is of constitutional dimension and cannot be deemed harmless, why should it matter whether the defendant testifies? The answer is that it makes no difference whether the defendant testifies or not–the defendant is substantially prejudiced by the trial court's refusal to rule. *Patrick*, 233 Ill. at 88-89 (Burke, J., concurring in part and dissenting in part, joined by Freeman, J.).

After *Patrick* was decided, a number of petitions for leave to appeal that were held pending *Patrick*'s release were disposed of. Some petitions were resolved by remanding the causes to the appellate court for reconsideration in light of our opinion in *Patrick*; other petitions were denied. We granted the petitions for leave to appeal in the consolidated cases presently before this court and, in a subsequent *per curiam* order, explained that our purpose in doing so was "to consider whether relief might be available to a defendant, even if he chose not to testify, if the trial court had a 'blanket policy' not to rule on the motion *in limine* in advance of the defendant deciding not to testify." People v. Patrick, Nos. 104077, 104445 cons. (May 27, 2009) (*per curiam* order on denial of motion to reconsider denial of petition for rehearing).[1]

Not surprisingly, a majority of this court once again finds, consistent with *Patrick*, that a defendant's decision not to testify at trial makes the trial court's error nonreviewable. Again, I must strongly disagree.

I will not repeat here all of the arguments I made in *Patrick*. It will suffice to say that for the same reasons set forth in *Patrick* I must respectfully dissent in the case at bar. I continue to maintain that the

---

[1]Quite frankly, I do not understand the rationale offered by the court for granting appeals in these cases. It is unclear how the fact that a trial court has a "blanket policy" of delaying ruling on these motions has any possible relevance to the issue of whether a defendant who does not testify at trial is prejudiced by the lack of a pretrial ruling. The majority does not offer any explanation.

majority's rationale is flawed. The defendant's decision not to testify does not, as the majority contends, deprive the reviewing court of a reviewable record (see slip op. at 12) when it is the trial court's error in refusing to rule which denies the defendant the information necessary to make a knowing and intelligent decision on *whether* to testify.

In the case at bar, the majority supports its finding that the error is unreviewable when a defendant does not testify by referencing the *Patrick* opinion. The majority states that, in *Patrick*, after determining that the trial court abused its discretion by using a blanket policy to defer rulings on motions *in limine*, it "review[ed] *the impact of the error in light of the facts of the case* [and] determined that the error was not harmless." (Emphasis added.) Slip op. at 8. This is emphatically *not* what occurred.

As I pointed out in my dissent in *Patrick*, the majority, after finding that the trial court abused its discretion, did not engage in typical harmless-error review. In fact, in finding prejudice, *i.e.*, reversible error, with respect to defendant Patrick, the majority never looked at Patrick's trial testimony or determined what impact, if any, the trial court's deferred ruling had on the outcome of his trial. The majority never considered whether the trial court's ultimate ruling on the admissibility of the prior convictions was correct or whether the evidence overwhelmingly supported the guilty verdict. In other words, in defining prejudice, the majority never looked beyond the trial court's error in refusing to rule prior to trial. With respect to defendant Patrick (who testified at trial), the majority found that the very fact that the trial court did not rule prior to defendant testifying was inherently prejudicial and that this prejudice infected the entire proceeding. The majority stated:

> "Patrick was unjustifiably required to make a tactical decision without the ability to evaluate the impact it would have on his defense. Patrick's counsel was unable to inform the jury whether Patrick would testify and was anticipatorily unable to disclose Patrick's prior convictions to lessen the prejudicial effect the convictions would have on his credibility." *Patrick*, 233 Ill. 2d at 75.

The majority also held that it was "critical" for Patrick to have the court rule prior to trial because the defendant relied on a theory of self-

-20-

defense and "knowing whether his prior convictions were going to be used for impeachment was a vital factor that needed to be weighed" in forming his decision about whether to testify. *Patrick*, 223 Ill. 2d at 75.

In the case at bar, the majority concedes that withholding ruling on motions *in limine* is a "serious" error in these cases (slip op. at 8) but still finds that this error is not reviewable because "[w]ithout the defendant's actual testimony, reviewing courts would be forced to speculate on the substance of that testimony and the prosecution's questions on cross-examination." Slip op. at 12, citing *Patrick*, 223 Ill. 2d at 78-79. Since, in *Patrick*, the majority never relied on the defendant's trial testimony to find reversible error, the majority's reasoning is impossible to reconcile.

In sum, I am unsure why this court granted leave to appeal in these cases only to perpetuate the error that was made in *Patrick*. It continues to elude me how the majority can recognize that it is "serious" and prejudicial error for a trial court to refuse to rule on a defendant's motion *in limine*, and yet deny that defendant relief. It remains my belief that a trial court, by refusing to rule, prejudices the defendant in his ability to decide *whether* to testify. For this reason, I maintain that the trial court's refusal to rule on these motions prior to trial constitutes reversible error, whether or not the defendant testifies.

JUSTICE FREEMAN joins in this dissent.