2024 IL App (1st) 221619

No. 1-22-1619

Opinion filed December 27, 2024

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20118830901 |
| | ) | |
| CHARLES PATTERSON, | ) | Honorable |
| | ) | Clarence L. Burch, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment and
opinion.

**OPINION**

¶ 1    Defendant Charles Patterson appeals his conviction for aggravated assault. He raises the

following issues on appeal: (1) did the circuit court abuse its discretion when it refused defendant's

proposed self-defense jury instructions? (2) did the circuit court abuse its discretion when it refused

to provide substantive answers to the jury's questions about the legality of defendant's gun

possession? and (3) did the circuit court commit reversible error in failing to admonish defendant

as to his right to testify in his own defense? For the following reasons, we reverse defendant's

conviction and remand his case for a new trial.

¶ 2                                    I. BACKGROUND

¶ 3      On March 15, 2020, Tomas Alanis drove down Randolph Street in Chicago after completing a food delivery. Alanis drove in the lane closest to the sidewalk when a taxi entered his lane "without any caution." The taxi was driven by defendant Charles Patterson, a 68-year-old taxi driver. Because the taxi was two feet from Alanis's vehicle when it entered the lane, Alanis went into the center lane to avoid a collision. The taxi quickly entered the center lane in front of Alanis, so Alanis changed lanes again. Alanis honked his vehicle's horn but did not make any gestures towards defendant.

¶ 4      Defendant and Alanis continued driving down the street until they reached a red light. At this point, the vehicles were stationary, side by side, with Alanis's vehicle in the center lane and defendant's taxi in the turn lane. Defendant's vehicle's windows were open. Alanis exited his car and stood in front of it. He was approximately six feet away from defendant. Alanis was "upset" and asked defendant, "Why did you try to hit me?" Alanis did not yell at or threaten defendant and was not holding anything in his hands. Defendant pointed a handgun at Alanis from inside his car and "said something to [Alanis] like '[m]ove or leave or I will shoot.' " This frightened Alanis and he got back inside his car. Alanis followed defendant while calling 911 and told the police defendant's taxi number and that defendant had a gun. Defendant's vehicle was later stopped by the police and defendant was arrested.

¶ 5      Defendant was charged with aggravated assault for pointing a handgun at Tomas Alanis. 720 ILCS 5/12-2(c)(1) (West 2018). Defendant provided notice to the State that he would be asserting the affirmative defense of self-defense at trial. 720 ILCS 5/7-1 (West 2020). At trial, the State presented two witnesses. The first witness was Alanis, who testified through a Spanish

translator about the encounter between himself and defendant, as recounted above. The second witness was Officer Vasile Talos of the Chicago Police Department. Officer Talos testified that during the arrest defendant admitted to having a firearm in his possession and that a weapon was recovered at the scene by another police officer, although Officer Talos did not have firsthand knowledge of whether or not a weapon was recovered. After Officer Talos concluded his testimony, the State rested its case-in-chief.

¶ 6     Outside the presence of the jury, defense counsel requested that the jury be instructed with the Illinois pattern jury instruction for use of force in defense of a person. Illinois Pattern Jury Instructions, Criminal, No. 24-25.06 (4th ed. 2000). Defense counsel argued that "[t]he bar is very low on what constitutes any evidence that self-defense is a proper instruction." Counsel further argued that Alanis's testimony that he exited his car to confront defendant while they were both stopped at the intersection because he was upset that defendant cut him off "more than clears the bar of any evidence, a scintilla of evidence, *** that is required for a self-defense jury instruction." The circuit court denied defendant's request for self-defense jury instructions, ruling that Alanis's testimony was insufficient evidence to support self-defense instructions. The circuit court also denied defendant's request that the jury be instructed that a non-initial aggressor has no duty to retreat. See Illinois Pattern Jury Instructions, Criminal, No. 24-25.09X (4th ed. 2000).

¶ 7     Defendant called one witness, Officer Talos, who testified that one of his assisting officers asked defendant whether he had a valid conceal and carry license, that defendant had "admitted to it," and that Officer Talos could not recall receiving any information that contradicted defendant's assertion. During closing arguments, defense counsel argued that Alanis's testimony that he calmly confronted defendant about his driving was not credible:

"Then he says that he calmly got out to have that civil conversation with Mr. Patterson. Now, I don't know if anyone else has experience with road rage, but it sounds like Mr. Alanis was the one with the road rage here.

You know I don't know if anyone here has ever been unfortunate enough to have somebody else get out of their car and confront them in the traffic but it's a scary situation. And it's not something you do calmly."

During its rebuttal, the State argued that self-defense was not applicable here:

"Imagine the scenario where you're in a crowded room and someone bumps you and you go, 'hey, what did you do for that?' And the person pulls out a gun. That's not right. That's not self defense. That's not anything but aggravated assault with a deadly weapon."

¶ 8      During the course of the jury's deliberations, it sent the circuit court eight separate notes containing a total of ten questions. Only the notes relevant to defendant's arguments on appeal are discussed here. The jury's first note asked, "Is self defense a possible issue that can be considered?" Defense counsel again asked that the jury receive self-defense instructions. The circuit court refused again but told the jury that the answer to its question was "yes." The circuit court concluded that was the correct response because the jury "didn't say a defense. They said an issue. So if they want to consider that, you know that could be part of reasonable doubt." After approximately an hour, the jury sent its second note, which asked, "What is the next step if we can't agree?" The circuit court's response was, "You have heard the evidence please continue in your deliberations."

¶ 9      The jury's fourth note asked three questions: (1) "Was the defendant allowed to be armed?"; (2) "Did he have a permit to carry?"; and (3) "Was he allowed to carry while working as

a cab driver?". The circuit court did not address this note. The circuit court did not inform counsel of the note and it provided no answers to the jury. The jury's fifth note asked, "Was [defendant] allowed to carry a gun while working as a cab driver?" Defense counsel argued that defendant had a FOID card and a conceal and carry license, and that the jury should be instructed that defendant was allowed to carry the weapon and was not being charged with improperly possessing the weapon. The circuit court told the jury, "You have heard the evidence please continue in your deliberations."

¶ 10 The jury's final note asked, "If the defendant was in fear of his safety, did he knowingly put Tomas in reasonable apprehension of bodily harm?" Defense counsel once again asked for the jury to receive self-defense instructions. The circuit court denied defense counsel's request and told the jury, "You have heard the evidence please continue in your deliberations." The jury found defendant guilty of aggravated assault.

¶ 11 Defendant filed a post-trial motion in which he challenged the circuit court's refusal to give the jury self-defense instructions. The circuit court denied the motion. Defendant was sentenced to six months of court supervision. This timely appeal followed. Ill. S. Ct. R. 606 (eff. Mar. 12, 2021).

¶ 12                                    II. ANALYSIS

¶ 13                          A. Self-Defense Jury Instructions

¶ 14 Defendant argues that the circuit court's denial of his requests that the jury be provided with self-defense instructions was an abuse of discretion because there was some evidence that defendant acted in self-defense. A circuit court's determination that there is insufficient evidence

to justify the giving of a jury instruction is reviewed for abuse of discretion. *People v. McDonald*, 2016 IL 118882, ¶ 42.

¶ 15    "A defendant is entitled to an instruction on his theory of the case if there is some foundation for the instruction in the evidence, and if there is such evidence, it is an abuse of discretion for the trial court to refuse to so instruct the jury." *People v. Jones*, 175 Ill. 2d 126, 131-32 (1997). The circuit court must provide jury instructions for an affirmative defense "if there is some evidence, however slight, in the record to support that defense." *People v. Washington*, 2012 IL 110283, ¶ 43; see also *People v. Uptain*, 352 Ill. App. 3d 643, 646 (2004) ("Very slight evidence upon a given theory of a case will justify the giving of an instruction."). Defendant is not required to provide this evidence; "circumstantial evidence presented by the State" can be sufficient to satisfy this standard. *Jones*, 175 Ill. 2d at 133. Unless the evidence before the circuit court is "so clear and convincing as to permit the court to find as a matter of law" that there is no self-defense, "the issue of whether a defendant should be relieved of criminal liability by reason of [self-defense] must be determined by the jury with proper instruction as to the applicable law." *Id.* at 132.

¶ 16    Was Alanis's testimony sufficient evidence to warrant the jury receiving self-defense instructions? To obtain a self-defense jury instruction, a defendant must establish some evidence of six factors: "(1) force is threatened against a person, (2) the person is not the aggressor, (3) the danger of harm was imminent, (4) the threatened force was unlawful, (5) the person actually and subjectively believed a danger existed that required the use of the force applied, and (6) the person's beliefs were objectively reasonable." *People v. Cacini*, 2015 IL App (1st) 130135, ¶ 44 (citing *People v. Jeffries*, 164 Ill. 2d 104, 128 (1995)). Specifically, Alanis testified that he got out of his car while both vehicles were stopped at an intersection and, standing six feet away, confronted

defendant for cutting him off twice, asking defendant why he tried to hit him. Alanis also testified that, while he did not yell at or threaten defendant, he was "upset" when he confronted defendant. Alanis's testimony constitutes "some evidence, however slight" that entitled defendant to a self-defense instruction.

¶ 17 The circuit court acknowledged that the standard for when a defendant is entitled to jury instructions for an affirmative defense is very low:

> "[S]uch evidence, while it must be present, must meet only a very low standard to warrant an instruction.
>
> I do not weigh the credibility of the evidence. It may be very slight. It does not matter whether it comes from defendant's testimony or the state. It may even contradict the defendant's testimony.
>
> In its strongest assertion, our Supreme Court has said that an affirmative defense must go to the jury; unless the evidence before the trial court is so clear and convincing as to permit the court to find as a matter of law; that there is no affirmative defense. [Citing *Jones*, 175 Ill. 2d at 132]."

¶ 18 The circuit court also concluded that, while minimal, there was evidence of self-defense and that it could not hold as a matter of law that there was no self-defense in this case:

> "In this matter, the evidence of self defense is close to non-existent. One can imagine a scenario in which self defense comes into play here. But nothing in the record suggests it strongly or even really suggests it at all.
>
> Based on this record, a jury may reasonably infer that the defendant felt some apprehension of what the victim may have done.

Perhaps, the defendant felt himself to be in imminent peril. Though it would be wholly speculative to arrive at such a conclusion.

Some of the formations of law that I have encountered in my research would suggest that this is enough. Even though, the evidence of self defense is at best a mere scintilla, \*\*\* one cannot be certain as a matter of law that there is no self defense.

If this was a rule, I would have to give the instruction."

¶ 19 However, the circuit court ultimately concluded that Alanis's testimony was insufficient evidence to allow the jury to receive self-defense instructions because it did not raise a reasonable doubt as to defendant's guilt:

"Nevertheless, I do not think the law of this state actually goes so far. Ultimately, I think the best expression of the applicable rule is that 'the quantum of proof necessary to raise an affirmative defense is evidence sufficient to raise a reasonable doubt as to defendant's guilt.' [Citing *People v. Larry*, 144 Ill. App. 3d 669, 676 (1986).]

\*\*\*

Such evidence as there is is so marginal and insufficient that I do not think it capable of raising a reasonable doubt as to guilt.

Therefore, I'm going to deny the self-defense instruction."

¶ 20 It is "well settled" that a defendant is entitled to a jury instruction on self-defense "if there is some evidence, however slight, in the record to support that defense." *Washington*, 2012 IL 110283, ¶ 43. The circuit court itself acknowledged that there was *some evidence* that supported defendant's self-defense claim and that it could not rule as a matter of law that there was no self-defense. Therefore, defendant was entitled to those self-defense instructions. *Jones*, 175 Ill. 2d at

132. The circuit court abused its discretion in concluding otherwise. *Id.* at 131-32; *People v. Cozart*, 235 Ill. App. 3d 1076, 1083 (1992) ("A party is entitled to have the jury instructed on his theory of the case, and it is an abuse of discretion for the trial court to refuse to instruct the jury on the defendant's theory of the case if it has some foundation in the evidence.").

¶ 21     In arguing that this evidence was insufficient to justify a self-defense instruction, the State relies on three cases that are readily distinguishable. In *People v. Frazier*, 2019 IL App (1st) 172250, a defendant claimed self-defense in a road rage incident, but he had repeatedly "brake-checked" the victim, which led to the altercation. The appellate court affirmed the trial court's conclusion in a bench trial that the evidence of the repeated "brake-checking" *proved* that defendant was "looking for a confrontation," and, along with other findings, was sufficient to prove that the defendant had not acted in self-defense. *Id.* ¶¶ 21, 41-45. In *People v. Lewis*, 2015 IL App (1st) 122411, the appellate court affirmed the denial of a self-defense instruction where the defense evidence was that a third party, not the defendant, committed the offense: "[t]he record thus establishes that defendant did not raise the issue of self-defense at his trial ***." *Id.* ¶ 64. In *People v. Dunlap*, 315 Ill. App. 3d 1017, 1027 (2000), the appellate court affirmed a trial court's refusal to instruct on self-defense where "there [was] *no* evidence in the record to support defendant's theory of self-defense." (Emphasis in original.) These cases do not speak to the issue here, where there was some evidence in the record that supported defendant's theory of self-defense.

¶ 22     The State argues that, even if the circuit court abused its discretion, this error was harmless. "[I]nstructional errors are deemed harmless if it is demonstrated that the result of the trial would not have been different had the jury been properly instructed." *Washington*, 2012 IL 110283, ¶ 60; see also *People v. Mohr*, 228 Ill. 2d 53, 69 (2008) (remanding case for a new trial due to

instructional error where the evidence was not "so overwhelming as to make the jury instruction error harmless beyond a reasonable doubt").

¶ 23    We cannot say that the evidence of defendant's guilt was so overwhelming that, had the jury received self-defense instructions, the result of the trial would have been the same. Even though this was a simple two-witness trial, the jury asked a total of ten questions. One of the jury's questions, "What is the next step if we can't agree?" indicated that the jury was having difficulty reaching a unanimous verdict. See *People v. Walker*, 211 Ill. 2d 317, 342 (2004) (jury's questions to the circuit court indicated that the State's evidence was not overwhelming and that circuit court's error may have "tipped the scales against the defendant."); *People v. Ehlert*, 274 Ill. App. 3d 1026, 1035 (1995) (holding that evidence in the case was closely balanced in part due to jury's note saying that it could not agree).

¶ 24    The jury clearly considered self-defense to be an issue because it sent a note asking to consider self-defense despite defense counsel not arguing self-defense in his closing argument. See *People v. Wetzel*, 308 Ill. App. 3d 886, 893 (1999) (content of jury's notes indicated that it was considering a theory of transferred intent). Although the jury was then told that it could consider self-defense, it was not provided with any instructions on *how* it was to determine whether defendant acted in self-defense. The final jury note, which asked, "If the defendant was in fear of his safety, did he knowingly put Tomas in reasonable apprehension of bodily harm?" demonstrated the jury's continuing confusion.

¶ 25    If the jury had received self-defense instructions, it may have concluded that self-defense was applicable here. See *Jones*, 175 Ill. 2d at 134 ("Absent defendant's tendered instruction, the jury lacked the necessary tools to analyze the evidence fully and to reach a verdict based on those

facts. [Citation.] The resulting denial of due process requires that defendant be granted a new trial."). Because we cannot say that the jury would have found defendant guilty beyond a reasonable doubt had it received self-defense instructions, the circuit court's error was not harmless. *Mohr*, 228 Ill. 2d at 69.

———————

¶ 26    The circuit court's failure to instruct on self-defense warrants reversal and a remand for a new trial. In such a circumstance, we often do not reach additional bases urged in support of reversal. It is conceivable, however, that in a second trial some of these issues could recur, so we will proceed to address them here.

¶ 27                                    B. Jury's Questions

¶ 28    Defendant also argues that the circuit court abused its discretion because it refused to provide substantive answers to the jury's questions regarding whether defendant was legally allowed to possess a firearm while working as a taxi driver. Defendant did not include this argument in his post-trial motion, so this issue is forfeited on appeal. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). However, defendant argues that we can reach this issue under the plain error doctrine.

¶ 29    The plain error doctrine is a limited exception to the general forfeiture rule. *People v. Herron*, 215 Ill. 2d 167, 177 (2005); Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). For the plain error doctrine to apply, defendant must show that a clear or obvious error occurred and either (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process,

regardless of the closeness of the evidence." *People v. Sebby*, 2017 IL 119445, ¶ 48 (quoting *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007)). Therefore, the first question under the plain error doctrine is whether a clear or obvious error occurred. *Id.* ¶ 49.

¶ 30    "Generally, a trial court must provide instruction when the jury has posed an explicit question or asked for clarification on a point of law arising from facts showing doubt or confusion." *People v. Averett*, 237 Ill. 2d 1, 24 (2010). However, the circuit court may exercise its discretion and decline to answer the jury's question under certain circumstances. *People v. Reid*, 136 Ill. 2d 27, 39 (1990). Examples of such circumstances include "when the jury instructions are readily understandable and sufficiently explain the relevant law," when answering the jury's question would "serve no useful purpose or may potentially mislead the jury," when the jury's question involves "a question of fact," or when the circuit court's answer would cause it to "express an opinion likely directing the verdict one way or the other." *Averett*, 237 Ill. 2d at 24. A circuit court's refusal to provide a substantive answer to the jury's questions is reviewed for abuse of discretion. *People v. Jaimes*, 2019 IL App (1st) 142736, ¶ 45.

¶ 31    Here, the jury asked four questions concerning whether defendant was legally permitted to carry a firearm while working as a taxi driver. This was a point that the jury thought significant, and about which it had doubt or confusion. The jury's first three questions regarding this issue, all written on one note, were not addressed by the circuit court. The circuit court failed to inform the attorneys of the note's existence, and it provided no answers to the jury. This alone is reversible error. See *Wolfe v. Menard, Inc.*, 364 Ill. App. 3d 338, 359 (2006) ("Upon receipt of the written question or note, the court should immediately notify all counsel. The court should place the substance of the note or question on the record, in counsel's presence, whether that be in person or

by telephone."); *People v. Childs*, 230 Ill. App. 3d 993, 997 (1992) (citing authority "holding that the trial court's failure to inform defense counsel of a jury's substantive legal question is grounds for reversal regardless of the correctness of the court's response"); *Gale v. Hoekstra*, 59 Ill. App. 3d 400, 407 (1978) ("The well settled rule is that no communication should take place between the judge and the jury after the case has been committed to them unless in open court and in the presence of counsel.").

¶ 32    As to the jury's fourth question, "Was [defendant] allowed to carry a gun while working as a cab driver?" the circuit court did not provide a substantive answer, instead telling the jury: "You have heard the evidence please continue in your deliberations." While the circuit court, exercising its discretion, may decline to provide a substantive answer under certain circumstances, none of those circumstances were present here. The jury received no instructions regarding defendant's right to possess a firearm and its question suggests that the jury may have decided the case on an improper basis. Additionally, an answer by the circuit court would not have misled the jury or caused the circuit court to "express an opinion likely directing a verdict one way or the other." *Averett*, 237 Ill. 2d at 24. The circuit court could have simply told the jury that it was not an issue for the jury to consider. The circuit court's failure to do so was an abuse of discretion. See, *e.g.*, *People v. Flynn*, 172 Ill. App. 3d 318, 323-24 (1988) (circuit court's failure to answer jury's questions on points of law was reversible error where there were clear answers circuit court could have provided that would have solved the jury's confusion).

¶ 33    Under the first prong of the plain error doctrine, even if a clear or obvious error occurs, forfeiture is only excused if "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant." *Sebby*, 2017 IL 119445, ¶ 48. As we have previously

discussed, here, the evidence was closely balanced. Accordingly, the circuit court's failure to correct the jury's confusion may have tipped the scales of justice against defendant. The circuit court's failure to provide substantive answers to the jury's questions regarding the legality of defendant's gun possession constituted plain error. *Id.* ¶ 64 ("[A] defendant who has shown clear error and closely balanced evidence has shown prejudice and is entitled to relief under the first prong of the plain error doctrine.").

¶ 34                              C. Failure To Admonish On the Right To Testify

¶ 35    Finally, defendant argues that the circuit court committed reversible error by failing to admonish defendant of his right to testify in his own defense or confirm on the record that defendant waived that right. The Illinois Supreme Court, however, has expressly held that the circuit court is not required "to advise a defendant of his right to testify, to inquire whether he knowingly and intelligently waived that right," or to ensure that the record established defendant's waiver of that right. *People v. Smith*, 176 Ill. 2d 217, 235 (1997). *Smith* forecloses any claim of error on this point, particularly where, as here, there is no indication that defendant wished to testify or was otherwise confused about his decision not to testify.

¶ 36    But given that a defendant's right to testify is a fundamental constitutional right, and the risk that, after a conviction, issues related to the waiver of that right could arise, Justice Steigmann has articulated a best practice:

> "[W]e urge trial courts *in every criminal case* to take the few seconds needed, after the State has rested its case in chief and before presentation of the defense case, to admonish the defendant personally that he alone possesses the right to choose whether to testify on his own behalf, and that he should make that decision after consulting with counsel."

*People v. Frieburg*, 305 Ill. App. 3d 840, 852 (1999) (Emphasis in original.); see also *People v. Whiting*, 365 Ill. App. 3d 402, 410-11 (2006). Careful trial judges routinely so admonish a defendant and take a waiver of the right on the record. Defense counsel may well wish to invite the admonition and inquiry by way of a reminder. That modest investment of time by counsel and judge is, indeed, a better practice.

¶ 37                                   III. CONCLUSION

¶ 38     Defendant's conviction is reversed, and the cause is remanded to the circuit court for a new trial.

¶ 39     Reversed and remanded.

---

### *People v. Charles Patterson*, 2024 IL App (1st) 221619

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20118830901; the Hon. Clarence L. Burch, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, State Appellate Defender, of Chicago (Douglas R. Hoff, Deputy Defender, Elizabeth A. Botti, Assistant Appellate Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Matthew Connors, and Shannon Berkey, Assistant State's Attorneys, of counsel), for the People. |

---